## MILLS VS. THE UNITED STATES.

1. EVIDENCE — HUSBAND AND WIFE. — It is a well-settled rule of law that husband and wife cannot be witnesses for or against each other. *Exception:* a wife may be a witness against her husband in case of personal violence to her, *from the necessity of the case.*
2. PROOF OF MARRIAGE. — The testimony of witnesses present at a marriage supper is admissible to show a marriage *in fact.*

ERROR to the District Court for *Iowa* County.

The plaintiff in error was indicted and tried for adultery. The prosecution, in order to prove the marriage of the accused, was allowed, against her objection, to prove by several witnesses that, on the occasion of the alleged marriage, there was a wedding supper, at which they were present; and, against the objection of the accused, her husband was allowed to be sworn and testify that they were lawfully married.

*Moses M. Strong,* for plaintiff in error.

*F. J. Dunn,* for defendant in error.

IRVIN, J. This case came up upon error to the judgment of the district court of the county of Iowa, pronounced at the April term thereof for the year A. D. 1839.

The counsel for the defendant here urge for error in the proceedings of said district court:

1st. The court erred in overruling the motion for a new trial.

2d. The court erred in overruling the motion in arrest of judgment.

---

and notice, proper to notes on demand, are all complied with. 2 Parsons on Notes and Bills, 13.

The following authorities will be found to hold that a parol agreement between an indorser and his immediate indorsee, that the former shall not be charged on his indorsement, is a valid defense to an action on such indorsement as between the immediate parties, but it will be of no avail as against a subsequent *bona fide* holder or indorsee without notice of such agreement. 2 Parsons on Notes and Bills, 24; 1 Chitty on Bills (7th ed.), 139; *Pike* v. *Street,* 1 Mood. & Malk. 226; *Wright* v. *Latham,* 3 Murph. 298; *Hill* v. *Ely,* 5 Serg. & R. 363; *McDonough* v *Goale,* 8 La. 472. — REP.

3d. The court erred in allowing Alonzo D. Mills (the husband of the plaintiff in error) to be sworn and examined as a witness against her upon the trial of the cause.

4th. The court erred in allowing the evidence of witnesses, that they were present at the marriage supper, upon the occasion of her alleged marriage, for the purpose of proving a marriage in fact between her and her husband.

In the argument of this case by the counsel for the plaintiff in error, the first and second objections were abandoned, and the third and fourth were mainly insisted upon.

As a general principle of law, nothing is more clearly established than that husband and wife cannot be witnesses for or against each other. 1 Black. Com. 443; also, note 46 to same page; 2 Hawk. P. C. 600, ch. 46, § 478; 2 Kent's Com. 178, 180; *Rex v. Cleoger*, 2 Term, 263; 4 id. 679; and many other authorities cited in the argument of this case. To this general principle there are exceptions, and one is that a wife may be a witness against her husband in cases of personal violence to her, and that from necessity.

A great variety of reasons are given by different jurists why husband and wife should not testify for or against each other, and, perhaps, all good. TILGHMAN, Ch. J., in *Snyder v. Snyder*, 6 Binney, 483, says: "A husband thus circumstanced is an incompetent witness; not because of interest, but because of the policy of the law, which excludes husband and wife from testifying when the rights of either are concerned. Much of the happiness of society depends upon the intimacy of husband and wife. The law considers them as *one*, and will not suffer this union to be broken, or even put to hazard, by testifying against each other." Is there any reason why this case should form an exception to a principle so well established? It seems that there is not; and why? Because the fact here sought to be proved by the husband, to wit, the marriage of himself and the accused or

plaintiff in error, was so important that without it the prosecution must fail, and his wife, though once accused, would then stand acquitted before the world ; but suffer or compel him to testify, and indelible disgrace may be fixed upon his family, and he be made the subject of the deepest mortification which a sensitive being can endure. In this Territory, as in many other governments, adultery is a cause for divorce ; and if a husband, called upon to prove the marriage of his wife when indicted for that offense, should testify to that fact, his evidence, together with the evidence of her cohabitation with another, would produce a verdict of guilty, which he might immediately use as evidence in a proceeding to obtain a divorce. Is a policy so fraught with mischief to those delicate relations of society to be established? Surely not. We can see no difference upon principle in a husband testifying to the fact of his marriage to his wife, in a case of adultery and bigamy, as in neither case does he testify to her infamy, but he does to the fact which must be proved before she can be convicted of the offense. Upon this point, however, the authorities cited are so full that we are forced to the conclusion that the district court erred in allowing Alonzo D. Mills (the husband of the plaintiff in error) to be sworn to give evidence before the jury on the trial below.

We do not think that the district court erred in permitting witnesses to be sworn to prove that they were present at the marriage supper of the plaintiff in error, and therefore overrule the fourth objection.

It is therefore considered by the court that the judgment of the district court be and the same is hereby reversed, and that this case be and the same is hereby remanded to the said district court, that such further proceedings may be had therein as to law may appertain.

DUNN, Ch. J., *dissented.*