Carney vs. Gleissner.

CARNEY vs. GLEISSNER.

*October 31 — November 20, 1883.*

*Husband and wife as witnesses for or against one another.*

Husband and wife are not competent witnesses for or against one another, except (1) where both are parties to the action; (2) where one is charged with personal violence upon the other; and (3) where one has acted as the agent of the other, as to matters within the scope of such employment.

APPEAL from the Circuit Court for *Waukesha* County.

The defendant appealed from an order granting a new trial. The facts are stated in the opinion.

The cause was submitted for the appellant on the brief of *D. H. Summer* and *Vernon Tichenor*, and for the respondent on that of *P. H. Carney* and *A. Cook*.

To the point that it is essential to the rights of a married woman that she should be permitted to testify either for or

against her husband, whenever the holding, management, using, or disposition of her separate estate is involved, counsel for the appellant cited: *Sage v. McLaughlin*, 34 Wis., 550; *Mc Vey v. G. B. & M. R'y Co.*, 42 id., 532; *Krouskop v. Shontz*, 51 id., 204.

Counsel for the respondent cited: *Mills v. U. S.*, 1 Pin., 73; *Schoeffler v. State*, 3 Wis., 823, 824; *Farrell v. Ledwell*, 21 id., 182; *Butts v. Newton*, 29 id., 632, 640, 641; *Pillow v. Bushnell*, 5 Barb., 156; *Marsh v. Potter*, 30 id., 506; *Stewart v. Stewart*, 41 Wis., 624, 627; *Mountain v. Fisher*, 22 id., 93; *Ainsworth v. Barry*, 35 id., 136, 141; *Menk v. Steinfort*, 39 id., 371, 375; *Hale v. Danforth*, 40 id., 382; *Meek v. Pierce*, 19 id., 300.

ORTON, J. This is an action of replevin for certain personal property which the defendant claimed in his defense to hold as the bailee or custodian thereof from Elizabeth H. Carney, the wife of the plaintiff, who was the owner thereof as her separate property under the statute. On the trial in the circuit court the said Elizabeth was allowed to testify, against the objection of the plaintiff, on behalf of the said defendant and against the plaintiff, her said husband, and the defendant obtained a verdict. On motion of the plaintiff the learned judge set aside said verdict and granted a new trial in the action, on the ground that he had erred in allowing the said Elizabeth to be a witness in the case and to testify against her said husband.

We think the second thought of the learned judge on the question was correct. The statute has made no such innovation upon the common law disability and incompetency of husband and wife to testify for or against each other as to allow them to be witnesses in such cases, even in respect to the separate property of the wife, except in one case, viz., when they are parties to the suit. *Hackett v. Bonnell*, 16 Wis., 471. The courts *ex necessitate* have made two other

exceptions only: *First*, when either one is charged with personal violence upon the other (*Mills v. U. S.*, 1 Pin., 73), and *second*, when one has acted as the agent of the other, within the scope of such employment. *Birdsall v. Dunn*, 16 Wis., 235. In all other cases the rule has been held by this court to be uniform in excluding them as witnesses for or against each other, as will appear by the cases cited in the brief of the learned counsel of the respondent, and many others. This court is not disposed to go further than the statute and necessity require in exposing the sacred private confidences, disrupting the tie, and breaking up the relations of husband and wife, and introducing strife, malevolence, and discord into the married life. In this case the wife is neither a party nor interested. Her rights are not affected by the result of this suit. She may, notwithstanding, reclaim her property, if she owns it, even against her husband. But it is sufficient that the decisions of this court are no warrant for a wife being a witness against her husband in such a case, but restate and affirm the common law incompetency of husband and wife, to testify for or against each other in such cases.

*By the Court.*— The order of the circuit court is affirmed.