HORNER, Respondent, vs. YANCE, Appellant.

*May 1 — May 22, 1896.*

*Alienating wife's affections: Evidence: Wife's letters to husband: Objections.*

1. In an action for the alienation of the affections of plaintiff's wife, letters written by her to him prior to the alleged alienation, showing her affection and regard for him as a husband, are admissible on the question of damages.

2. Where, in such a case, numerous letters of that character were offered together, a general objection to them on the ground that they were privileged communications was properly overruled. If some of them were written after the alleged alienation they should have been objected to specifically on that ground.

APPEAL from a judgment of the circuit court for Oconto county: S. D. HASTINGS, JR., Circuit Judge. *Affirmed.*

The facts are stated in the opinion.

The cause was submitted for the appellant on the brief of *Webster & Classon*, and for the respondent on that of *Martineau & Atwood*.

CASSODAY, C. J.   This action was commenced October 5, 1894, to recover damages alleged to have been sustained by reason of the defendant having, between May 18, 1893, and November 1, 1893, alienated the affections of the plaintiff's wife, Mary Anne, to whom he was married December 21,

1873. The complaint is in the usual form. The answer admits the marriage, but denies every other allegation of the complaint. At the close of the trial the jury returned a verdict in favor of the plaintiff, and assessed his damages at $450. From the judgment entered thereon the defendant brings this appeal.

The only error assigned is that the court permitted the plaintiff to introduce in evidence numerous letters from his wife to himself, written and sent between August 7, 1881, and October 9, 1893, inclusive, showing her affection and regard for him as a husband. The contention is that such letters were inadmissible for such a purpose in this action, by reason of the statute which declares that "a husband or wife shall not be allowed to disclose a confidential communication made by one to the other, during their marriage, without the consent of the other. In an action for criminal conversation, the plaintiff's wife is a competent witness for the defendant as to any matter in controversy, except as aforesaid." R. S. sec. 4072. "The first part of this section is confirmatory of the common law, and the last part is in contravention of it." *Smith v. Merrill*, 75 Wis. 463. "With certain exceptions, it was, at common law, against public policy to allow the wife to be a witness for or against her husband in any action, civil or criminal, to which she was not a party." 75 Wis. 462, and authorities there cited. As to some of such exceptions, see 1 Greenl. Ev. §§ 343, 344. And again the same learned author says: "Thus, in actions for criminal conversation, it being material to ascertain upon what terms the husband and wife lived together before the seduction, their language and deportment towards each other, *their correspondence together*, and their conversations and correspondence with third persons, are original evidence. But, to guard against the abuse of this rule, it has been held that, before the letters of the wife can be received, it must be proved that they were written prior to any mis-

conduct on her part, and when there existed no ground for imputing collusion. If written after the attempt of the defendant to accomplish the crime, the letters are inadmissible." Id. § 102. Among the cases there cited in support of the proposition are the following: *Elsam v. Faucett*, 2. Esp. 562; *Edwards v. Crock*, 4 Esp. 39; *Trelawney v. Coleman*, 1 Barn. & Ald. 90; *Willis v. Bernard*, 8 Bing. 376. These cases run back for a century, and the last case follows the earlier cases, and holds that "in an action for criminal conversation the letters of the wife to her husband and others are admissible in evidence to show the state of the wife's feelings, although they may also state a fact which would not strictly be evidence." To the same effect, *Palmer v. Crook*, 7 Gray, 418; *Comm. v. Trefethen*, 157 Mass. 190; *Gilchrist v. Bale*, 8 Watts, 355; *Preston v. Bowers*, 13 Ohio St. 1; *Holtz v. Dick*, 42 Ohio St. 23; *Perry v. Lovejoy*, 49 Mich. 529; *Edgell v. Francis*, 66 Mich. 303; *Long v. Booe*, (Ala.) 17 So. Rep. 716.

We must hold that the letters written by the plaintiff's wife to him prior to the alleged alienation of her affections were properly admissible in evidence on the question of damages alleged to have been sustained by the plaintiff. But one or more of these letters appear to have been written after such alleged alienation, and, had they been objected to on that ground, should have been excluded on the principles already stated. See, also, *Wilton v. Webster*, 7 Car. & P. 198. But after being identified the letters appear to have been all offered in evidence, in a bundle, at the same time; and the only objection to them was general, on the ground that they were privileged communications, which was properly overruled. Had the objection been specific, on the ground indicated, the objectionable letters might have been withdrawn.

*By the Court.*— The judgment of the circuit court is affirmed.