Crawford vs. The State.

CRAWFORD, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 5, 1898.*

*Adultery: Husband and wife: Witnesses: Competency.*

A wife is not a competent witness against her husband in a prosecution for adultery

ERROR to review a judgment of the circuit court for Sheboygan county: N. S. GILSON, Circuit Judge. *Reversed.*

For the plaintiff in error there was a brief by *D. T. Phelan*, attorney, and *Simon Gillen*, of counsel.

[No brief on file for the defendant in error.]

The following opinion was filed March 22, 1898:

CASSODAY, C. J.   The plaintiff in error was tried and convicted of the crime of adultery, and sentenced to imprison-

Cook and another vs. Minneapolis, St. Paul & Sault Ste. Marie R. Co.

ment in the state prison for the term of two years, and to reverse that judgment he sues out this writ of error.

Upon the trial his wife was admitted as a witness in behalf of the state, and allowed to testify. This was manifest error. It is well settled that "neither husband nor wife can be a witness at common law for or against the other in prosecutions" for adultery. 2 Whart. Crim. Law (10th ed.); § 1736; 1 Greenl. Ev. § 334; 3 Jones, Ev. § 751; *Mills v. U. S.* 1 Pin. 73; *Schoeffler v. State,* 3 Wis. 823, 844. "With certain exceptions, it was, at common law, against public policy to allow the wife to be a witness for or against her husband in any action, civil or criminal, to which she was not a party." *Smith v. Merrill,* 75 Wis. 462. The case at bar does not come within any exception. Nor is there any statute in this state making the wife a competent witness against the husband in such a case. Certainly sec. 4072, R. S. 1878, does not. See *Farrell v. Ledwell,* 21 Wis. 182; *Carney v. Gleissner,* 58 Wis. 674; *Selden v. State,* 74 Wis. 271; *Smith v. Merrill,* 75 Wis. 461; *Horner v. Yance,* 93 Wis. 352; *Lanctot v. State, ante,* p. 136.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.