GIDEON P. ROSE *vs*. SABRA A. MITCHELL.

NEWPORT—APRIL 7, 1899.

PRESENT : Stiness, Tillinghast, and Rogers, JJ.

(1) *New Trial. Amendment of Pleadings. Bills of Particulars.*

It is not cause for a new trial for the court, when the trial was about to proceed, to allow a plaintiff to amend his declaration, consisting of two counts, by striking out the last count and substituting another substantially like the first.

Refusal to require the plaintiff to furnish a bill of particulars, where the action had been tried twice before and the defendant was apprised of the plaintiff's case, no facts being shown that defendant was prejudiced thereby, is not ground for a new trial.

(2) *Evidence.*

In an action for alienating a wife's affection evidence is admissible to show conduct of the wife toward the defendant, after she left her husband, as reflecting light on the previous relations of the parties.

In such action, the affection of the wife being an element of the case, the statement of the wife, not in the presence of the defendant, as to the state of her affection for the plaintiff and defendant is admissible. The loss of affection may be proved in this way, but not the defendant's agency.

By Gen. Laws R. I. cap. 244, § 37, evidence of the plaintiff's wife of language used by him to her, tending to show unkind treatment, is expressly excluded.

*Quære,* if the protection given by the statute to communications between husband and wife can be regarded as a personal privilege which may be waived.

(3) *Exceptions.*

Questions of law not brought upon the record by exception will not be considered on a petition for a new trial.

TRESPASS ON THE CASE for alienation of the affection of the plaintiff's wife. Heard on petition of the defendant for a new trial. New trial denied.

STINESS, J. The defendant alleges twelve grounds for a new trial :

1. That the verdict was against the evidence. This is not supported by the record. The plaintiff's wife left him April 1, 1890, and the claim is that there is no testimony to

show that the defendant had done anything whatever before that time to cause the separation. It is true that there is no testimony of intimacy before that date, but the facts which appear in evidence on that date and afterwards are of such a character as naturally to raise the inference that an intimacy must have existed. It is not to be expected that it would be public, or, in most cases, capable of proof as it progressed. The change of affection from a husband to another man needs time and growth. It would be hard to tell at what date it was brought about; but when it is shown from the acts of the parties, it may also be inferred that it has been previously in progress. The testimony was sufficient to warrant the verdict.

2. Allowing an amendment of the declaration, when the trial was about to proceed. The declaration originally consisted of two counts, one for alienating affection of the plaintiff's wife, and one for criminal conversation. The amendment was to strike out the last count and to substitute another substantially like the first, but more carefully drawn. We are unable to see that this could hurt the defendant in any way. It could not hurt him to drop out the second count, and the added count could not materially vary the trial from what it would have been under the first count alone.

3. Refusal to require the plaintiff to furnish a bill of particulars. It appears by the record that this case had been tried twice before. The defendant therefore knew what the plaintiff's case would be. The defendant in this and the preceding exception says he was taken by surprise, but he does not state how he was prejudiced or what he might otherwise have shown that he did not show.

4. Admission of testimony of defendant's visit to the plaintiff's wife after she had left her husband. As already stated, subsequent conduct, in cases of this kind, not only tends to show motives and relations existing at the time, but also to reflect light upon the previous relations of the parties. In this latter phase the testimony was admissible. 1 Greenl. Ev. (15 ed.) § 108, note a; 7 Am. & Eng. Ency. L. p. 50.

5. Admission of statement of plaintiff's wife, at the time

she was found at defendant's house and not in his presence, as to the state of her affection for plaintiff and defendant. The affection of the wife being an element of the case, such statements are admitted as original evidence. *Jacobs* v. *Whitcomb*, 10 Cush. 255 ; *Preston* v. *Bowers*, 13 Ohio St. 1 ; 1 Greenl. Ev. § 102. The loss of affection may be proved in this way, but not the defendant's agency.

6. Exclusion of testimony of plaintiff's wife of language used by him to her tending to show unkind treatment. This is expressly excluded by Gen. Laws R. I. cap. 244, § 37. It is claimed that as the plaintiff testified without objection to statements of this kind, he must be deemed to have waived the right to object to his wife's testimony in contradiction. The object of the statute is to protect the harmony and confidences of husband and wife on the ground of public policy. It is therefore doubtful, at least, whether the protection can be regarded as a personal privilege which may be waived by the parties. But assuming it to be so, and, hence, that the evidence was erroneously excluded, still we do not think that it shows a sufficient ground for a new trial. The wife testified that the plaintiff did not treat her kindly and that she left him on this account. The jury had her full account of the treatment, and we cannot think that it would have affected their conclusion to have testimony or conversation as to the calling of names and the like.

7. No exception was taken.

8. Exclusion of wife's testimony to show that her husband put her out of his house. So far as appears, this might be testimony tending to criminate the husband, and thus inadmissible under Gen. Laws R. I. cap. 244, § 37.

9. Exclusion of testimony of wife which is pointed out only in the defendant's brief. To the rulings so designated we find no exception.

10. Exclusion of testimony by Jane Littlefield. The witness testified to the fact that she had heard disagreeable words between the plaintiff and his wife, but the statement as to what the words were was ruled out. While we are of opinion that the words were admissible, as the fact of their

utterance was stated, we do not think that the defendant could have been injured by the mere exclusion of the words themselves.

11.   Exclusion of a declaration and petition for divorce filed in court by the plaintiff charging his wife and the defendant with adultery.   This was long after the separation, and was offered as tending to show a reason why the wife should stay away.   As the wife had already testified that she left and stayed away because of cruel treatment, and made no claim that it was because of unjust charges, we fail to see that the papers offered were relevant.

12.   Refusal of issues.   We think that the substance of all the issues offered by the defendant was embraced in the condensed issue allowed by the court.

Exceptions overruled, and case remitted to the Common Pleas Division with direction to enter judgment on the verdict.

*Christopher E. Champlin*, for plaintiff.
*Charles A. Ives*, for defendant.