---

## ASH v. PRUNIER.

(Circuit Court of Appeals, Second Circuit. January 4, 1901.)

### No. 47.

1. SEDUCTION OF HUSBAND—DAMAGES—EVIDENCE.

To show the relations that existed between husband and wife, as bearing on the question of damages in action for seduction of the husband, letters written by him to her before and after he became acquainted with defendant, tending to prove the affectionate feeling entertained by him for her before defendant intervened, and the subsequent alienation of feeling, are admissible.

2. SAME.

For the same purpose, and also to prove the mental suffering of plaintiff, an element of damages, it is competent to show manifestations of remorse by him in interviews with her, and of grief by her after the intimacy between him and defendant began.

3. SAME—EVIDENCE OF SEDUCTION.

Evidence that plaintiff's husband was in possession of large sums of money while living in defendant's house, and that they came from defendant, is relevant in an action for seduction of the husband, as bearing

upon the question whether he and the defendant were living in the relation of lover and mistress, and whether he was the seducer, or she was enticing him by her favors.

**4. SAME—BAR TO ACTION.**

It is no bar to an action for seduction of plaintiff's husband that, after the making of an order for temporary alimony in a proceeding by her for a divorce, an agreement, with which the proceeding terminated, was made by them in substitution of the order, by which he promised to allow her a stated sum per week, and she agreed to accept it.

**5. WRIT OF ERROR—REVIEW OF DAMAGES.**

There being no error in the instructions on damages, the question whether the verdict was for excessive damages, and refusal of motion for new trial on that ground, cannot be reviewed on writ of error.

In Error to the Circuit Court of the United States for the Southern District of New York.

A. H. Hummell, for plaintiff in error.

Jonathan C. Ross, for defendant in error.

Before WALLACE and LACOMBE, Circuit Judges.

WALLACE, Circuit Judge. This is a writ of error by the defendant in the court below to review a judgment for the plaintiff entered upon the verdict of a jury in an action brought to recover damages for the seduction of the plaintiff's husband.

The evidence upon the trial tended to show the following facts: The plaintiff and her husband had lived happily together from the time of their marriage in the spring of 1894 until the winter of 1896. In October, 1896, the husband met the defendant, who at that time was living with one Campbell as his mistress. Soon after, Campbell died, and the defendant became possessed of considerable pecuniary means. After Campbell's death, and in December, 1896, the husband accompanied the defendant to Washington, and from that time until the time of the trial he lived with her, ostensibly as her professional nurse, the greater part of the time. She supported him, and bestowed upon him considerable sums of money, and they maintained carnal intercourse. After the husband became intimate with the defendant an estrangement between him and the plaintiff ensued, culminating in a separation.

The trial judge instructed the jury, in substance, that the burden was upon the plaintiff to satisfy them by a clear preponderance of evidence that the husband was the seduced, and not the seducer; that the defendant set in motion the arts and devices which resulted in seducing the husband from his allegiance to the wife; and that she was the willful cause of the alienation.

Nearly all the assignments of error are based upon exceptions to the rejection of evidence upon the trial against the objections of the defendant. Many of these exceptions do not merit discussion, for the reason that no specific grounds of objection were stated. Insurance Co. v. Miller, 8 C. C. A. 612, 60 Fed. 254, 19 U. S. App. 588; Equipment Co. v. Blair, 25 C. C. A. 216, 79 Fed. 896, 51 U. S. App. 82. Others are trivial, as relating to the order of proof, or because the reception of the evidence was otherwise discretionary with the trial judge, or because the evidence could not have been prejudicial,

in any sense, to the defendant. Most of them were not pressed upon the argument, and we shall notice only those which have some color of merit.

A number of letters written to the plaintiff by her husband after marriage, some of them before he became acquainted with the defendant, and some of them afterwards, were produced upon the trial. They were offered and received in evidence solely for the purpose of showing the relations that existed between the husband and wife at the time they were written. Extracts only were read. It does not appear that any of the contents were read to the jury, not bearing upon the state of the relations. "In actions of criminal conversation, it being material to ascertain upon what terms the husband and wife lived together before the seduction, their language and deportment towards each other, their correspondence together, and their conversations and correspondence with third persons, are original evidence." 1 Greenl. Ev. § 102. It is likewise material to ascertain the terms on which they lived together after the seduction, and their correspondence and declarations at that period of their relations are equally original evidence. The state of their relations before and after the seduction is important in estimating the consequent damages. The evidence which was introduced tended to prove the affectionate feeling entertained by the husband for the plaintiff before the defendant intervened, and the subsequent alienation of feeling, and, within the uniform rule of the authorities, was clearly admissible. Com. v. Trefethen, 157 Mass. 190, 31 N. E. 961; Perry v. Lovejoy, 49 Mich. 529, 14 N. W. 485; Horner v. Yance, 93 Wis. 352, 67 N. W. 720; Rudd v. Rounds, 64 Vt. 432, 25 Atl. 438.

Evidence was introduced for the plaintiff showing manifestations of remorse by the husband in some of his interviews with his wife, and manifestations of grief upon her part. These occasions were after the intimacy between him and the defendant had begun. The evidence was competent as falling within the same category as the letters of the plaintiff's husband. It was also competent as tending to prove the mental suffering of the plaintiff inflicted by the misconduct of the defendant,—an element of damages which is always proper to be considered in actions for seduction.

Evidence was introduced for the plaintiff tending to show that the husband was at different times in the possession of large sums of money while living in the house of the defendant after Campbell's death. In view of the other testimony, tending to show that the money was derived from the defendant, the evidence was relevant. It had a legitimate bearing upon the issues whether the husband and the defendant were living in the relation of lover and mistress, and whether he was the seducer, or she was enticing him by her favors.

Error is assigned of the rulings of the court in respect to the effect of an agreement of separation between the plaintiff and her husband. According to the testimony of the plaintiff, there had never been such an agreement. In 1898 proceedings for a divorce were instituted in the county court of Chittenden county, Vt., by the plaintiff against her husband, and an order for temporary alimony was made by the court. Thereafter the plaintiff and her husband made an agreement

in substitution of the order, by which he promised to allow her a stated sum per week, and she agreed to accept the amount. The proceeding seems to have terminated with that agreement. It was insisted for the defendant that the agreement was a bar to the action, and the trial judge was requested to instruct the jury to that effect. The agreement was manifestly not a bar to the action.

Error is assigned of the refusal of the trial judge to give certain instructions to the jury. The instructions refused, which are referred to in the brief of the plaintiff in error, were as follows:

"That the fact that Prunier's employment with the defendant required him to reside in the defendant's residence, even if the plaintiff objected to such residence, does not make the defendant liable, and the verdict should be for the defendant." "That the defendant owed no duty to the plaintiff to in any manner compel Prunier either to support his wife or live with her, and, even if the jury believed that the defendant took no further action to compel Prunier to live with her or support her, she is not liable to the plaintiff on that account, and the verdict should be for the defendant."

Except for the concluding phrase, each of these requests embodied correct legal propositions, and we might be called upon to consider whether they should not have been granted, if the trial judge, in his instructions to the jury, had not made it plain to them that the defendant was not liable unless they found that she was the willful cause of the alienation, and set in motion the arts and devices which resulted in seducing the husband from his allegiance to his wife. But it would have been manifest error to have granted the instruction in the form asked, because, if the jury had found the propositions of fact in favor of the defendant, it would not have followed that she was entitled to a verdict.

There being no error in the instructions of the court upon the question of damages, this court cannot, upon a writ of error, entertain the question whether the verdict was for excessive damages, to review the refusal of the motion to grant a new trial upon that ground. Railroad Co. v. Fraloff, 100 U. S. 23, 31, 25 L. Ed. 531; Steamship Co. v. Anderson, 1 C. C. A. 529, 50 Fed. 462, 1 U. S. App. 176. Nothing is open to re-examination upon a writ of error except the rulings of the court in the progress of the trial, and duly presented by a bill of exceptions. Insurance Co. v. Folsom, 18 Wall. 249, 21 L. Ed. 827. As we find no error in the record, the judgment is affirmed.