## RICHARD ROESNER v. JAMES F. DARRAH.

**No. 12,627.**   (70 Pac. 597.)

SYLLABUS BY THE COURT.

1. EVIDENCE—*Alienation of Affections and Seduction.* In an
action by a husband for damages for alienating the affections of
his wife and for her seduction, he is a competent witness except
as to transactions or communications had by him with his wife.

2. ———— *Declarations of Wife to Third Persons.* In an action
by a husband for damages for alienating the affections of his wife
and for her seduction, it is error to reject evidence of the wife's
declarations made to third persons prior to the alleged seduction,
tending to disclose the state of her feelings toward her husband
and toward the alleged seducer.

Error from McPherson district court; M. P. SIMP-
SON, judge. Opinion filed November 8, 1902. Re-
versed.

*John F. Hanson,* for plaintiff in error.

*Grattan & Grattan,* and *John D. Milliken,* for defend-
ant in error.

The opinion of the court was delivered by

DOSTER, C. J. : This was an action for damages for
alienating the affections of a wife and for her seduc-
tion. A verdict and judgment were rendered for de-
fendant. The errors claimed are the admission and
the rejection of evidence and the giving of instruc-
tions. As to the latter, exceptions were not preserved ;
hence, the instructions cannot be reviewed.

The plaintiff offered his own testimony as to the de-
fendant's visits to his home, as to his wife's apparent
change of attitude and feeling toward him after she
became acquainted with defendant, and as to state-
ments made to him by defendant concerning the lat-
ter's conduct with the wife. All this was rejected, on

the ground that the plaintiff, as the husband, was incompetent to testify to matters involving his wife, notwithstanding the latter was not a party to the case. The defendant below, the defendant in error here, places a literal construction on section 323 of the civil code (Gen. Stat. 1901, § 4771), which reads: "The following persons shall be incompetent to testify: . . . Third, husband and wife, for or against each other," etc.   He says that this statute does not merely disqualify husbands and wives from testifying for or against each others' claims to the subject-matter in litigation, but disqualifies them as well from testifying to each others' personal character, conduct, status, or other matter in interest, whether they be parties to the litigation or not, and whether the judgment rendered would put the character, conduct, status or matter in interest in the category of *res judicatæ* or not.   In other words, the contention is that, inasmuch as the litigation involved the subject of the wife's fidelity to the husband, and inasmuch as she, though not a party litigant, was incompetent to testify for or against him, he, though a party, was equally incompetent to testify against her.

This contention derives support from some of the decisions, a principal one of which is *Cornelius v. Hambay*, 150 Pa. St. 359, 24 Atl. 515.   It was there held, in a case of the character of this one, that a husband was incompetent to testify to the adultery of his wife, although she was not a party to the suit.   That holding was made under a statute like ours.   It may be that the decision was satisfactorily reasoned, so far as that one statute was concerned, but in this state we have, in addition to such statute, another one of material significance.   Section 319 of the civil code (Gen. Stat. 1901, § 4767) reads: "No person shall be

disqualified as a witness in any civil action or proceeding by reason of his interest in the event of the same, as a party or otherwise,'' etc.

This statute abrogates the common-law rule of disqualification to testify because of interest, and, except as limited by other statutes *in pari materia*, makes every person competent to give evidence in any case. The limitation contained in the third subdivision of section 323 of the civil code, *supra*, does not apply in such a case as this.   That applies only to prohibit a husband or wife, when not a party to the suit, from testifying for or against the other one who is a party ; not to prohibit the one who is a party from testifying for or against the other one who is not.   This statement of the general rule is not intended, of course, to be inclusive of those exceptions which the statute itself makes, and which exist in that part of it not above quoted.

The language of the opinion in *Higbee v. McMillan*, 18 Kan. 133, while not having relation to a state of facts identical with those in this case, nevertheless declares a principle applicable to the general question, and definitely and positively settles the rule against the contention of the defendant in error.   See, also, *Van Fleet v. Stout*, 44 Kan. 523, 24 Pac. 960.   In thus holding the husband competent to testify against his wife, it must not be assumed that he can testify to transactions or communications had with her.   Such character of testimony is forbidden by the last clause of the third subdivision of said section 323.

The plaintiff offered witnesses to prove the declarations of the wife as to the state of her feelings to·ward both her husband and the defendant.   Some of these offered declarations were made at times before the alledged seduction, and some were made after-

ward.    They were all excluded.    A question may exist as to the admissibility of such declarations if made subsequently to the guilty intimacy, but we think none can reasonably exist as to declarations made antecedently to it.    The general rule is that, when the inquiry involves the existence of a bodily or mental state, the declarations of the party, when under the influence of the physical or mental feeling in question, and disclosing his subjection to it, are not hearsay, but are original evidence.    (Greenl. Ev. § 102.) This rule applies in actions of the character of this one.    (*Gilchrist v. Bale*, 8 Watts [Pa.], 355, 340 Am. Dec. 469; *Edgell v. Francis*, 66 Mich. 303, 33 N. W. 501.)

Other claims of error are made, some of which are subsidiary to, and connected with, those above discussed and therefore need not be specially noticed. Others, however, are of a different character, but will not be dwelt upon.    It was not error to permit the defendant to testify to his motive in inviting plaintiff's wife to visit at his home.    It was, however, error to admit evidence of declarations made by plaintiff's wife, that she had to work hard and get no credit for it, and that she was homesick and intended returning to the place from where she came.    Declarations of such character do not disclose a mental state forming a pertinent subject of inquiry, and, therefore, are governed by a different rule.    It was also error to admit evidence of plaintiff's requiring his wife to assist in the breeding of animals, and to permit witnesses to detail conversations with plaintiff about lawsuits in Nebraska, and about his being subjected to the visits or threats of "whitecaps" in Missouri.    These topics were irrelevant to the meritorious subject of inquiry,

and would naturally tend to prejudice the plaintiff's cause before the jury.

The judgment of the court below is reversed and a new trial ordered.

All the Justices concurring.