KRAIMER, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 28—March 21, 1903.*

*Criminal law and practice: Proof of venue: District attorney: Assistance by partner: Wife as witness: Former conviction: Proof of good reputation for veracity: Prejudicial error: Record: Presence of accused.*

1. On a criminal prosecution a map of certain sections of land was introduced in evidence, such sections being identified as being in the county where the trial was had, and the place where the crime was committed was positively identified as being located upon the territory covered by the map. *Held*, sufficient proof of the venue.

2. It was proper, under sec. 4504, Stats. 1898, to permit an attorney to assist in the prosecution of a criminal case, where it appeared that he was the partner of the district attorney, was not under pay, was without bias, was not employed by any private person, and was assisting the district attorney with his consent.

3. The wife of defendant is not a competent witness either for or against him upon a prosecution for an assault upon a third person, in the absence of any showing that she had acted as his agent in any respect.

4. The fact that defendant had been convicted of another offense having been shown by his cross-examination for the purpose of affecting his credibility as a witness in his own behalf, he was entitled to introduce testimony that his reputation for truth and veracity was good; and the exclusion of such testimony was prejudicial error.

5. Failure of the record to show that the accused was present in court when the verdict was rendered is fatal to the judgment, although the clerk's minutes affirmatively show his presence on the previous day when the jury was sent out.

ERROR to review a judgment of the circuit court for Price county: JOHN K. PARISH, Circuit Judge. *Reversed.*

For the plaintiff in error there was a brief by *Smith & Smith,* attorneys, and *Schweppe & Urquart,* of counsel, and oral argument by *E. H. Schweppe* and *Q. A. Meyers.*

For the defendant in error there was a brief by the *Attorney General* and *L. H. Bancroft,* first assistant attorney general, and oral argument by *Mr. Bancroft.*

Winslow, J.   *Douglas Kraimer* was convicted in the circuit court for Price county of an assault upon one Peter Isaacson, being armed with a dangerous weapon and with intent to kill and murder said Isaacson, and brings his writ of error to reverse the judgment.   No detailed statement of facts is necessary.   It appeared by the evidence that Peter Isaacson was shot with a rifle while he was mowing marsh hay near Deer creek, in Price county, on the morning of July 22, 1901. No one saw the person who fired the shot.   Isaacson and *Kraimer* lived within about twenty rods of each other, on small clearings in the woods on the bank of Elk river.   Both left their homes on the morning in question in boats to cut marsh hay, Isaacson going up the river about half a mile to Deer creek, and *Kraimer* going down the river to Grassy Lake, and taking his rifle with him in the boat.   Isaacson was shot through the body at about 10 o'clock in the morning, the shot appearing to come from a clump of alder bushes on the edge of the marsh where he was mowing.   He succeeded in getting to his boat, and paddling down stream to his house, where he met *Kraimer* coming up stream with a boat load of hay at about noon.   *Kraimer* denied the shooting.   It appeared that a place was found in the alder bushes where some person had apparently stood, and an empty rifle shell was found at this place which corresponded in size with the shells used in *Kraimer's* rifle, and bore certain peculiar marks which were claimed to be similar to the marks made upon a shell by the firing pin of *Kraimer's* rifle.   There was also evidence tending to show some bad feeling on the part of *Kraimer* towards Isaacson.

The first contention made by the plaintiff in error is that the verdict is unsupported by the evidence.   As to this claim

it must be sufficient to say that after careful examination we are satisfied that there was sufficient evidence to warrant the submission of the case to the jury.

The claim is also made that the venue was not proven. It certainly would have been more satisfactory had the place of the shooting been proven to have been in Price county by more definite and direct evidence. However, it appears that a map of certain sections of land was introduced in evidence, which sections were identified as being located in Price county, and that the place of the shooting was positively identified by the witnesses as being located upon the territory covered by this map. We hold that this is sufficient proof of the venue.

It is alleged as error that M. Barry, Esq., a member of the bar, was allowed, against objection, to assist the district attorney in the trial. Soon after the trial began, it appeared that Mr. Barry was assisting the district attorney in the trial, and the plaintiff in error objected thereto. The objection was overruled by the court; the bill of exceptions containing the following statement:

"It appearing that M. Barry is the partner of the district attorney, and that he is not under pay, and is without bias in the matter, and not employed by any private person, and is assisting the district attorney with his consent."

Sec. 4504, Stats. 1898, provides that "the law partner of any district attorney may, at the request of the district attorney, without fee or compensation therefor, assist the district attorney in the prosecution of any case on the part of the state;" and we think that the facts stated in the bill as above quoted fairly bring the case within the statute.

The wife of the plaintiff in error was offered as a witness on his behalf, and was not allowed to be sworn. It is well settled that a wife cannot testify either for or against her husband in any action to which she is not a party, except in a

case where the husband is charged with personal violence upon her, or as to matters where she has acted as agent of her husband. *Carney v. Gleissner*, 58 Wis. 674, 17 N. W. 398; *Crawford v. State*, 98 Wis. 623, 74 N. W. 537. There was no offer in the present case to show that the wife had acted as agent of the husband in any respect, and it was not a case of alleged violence by the husband upon the wife; hence there was no error in refusing to allow her to be sworn.

A number of exceptions were taken to the rulings of the court in the admission of evidence, and to some sentences of the charge to the jury, but after examination of the record we have failed to find any substantial merit in the exceptions, save in one case, which will now be stated.

The plaintiff in error was asked upon cross-examination whether he had ever been convicted of a crime, and replied that he was convicted in Indiana of stealing a horse, and sent to prison for eighteen months. Afterwards, in the trial, the plaintiff in error called as a witness one Peter Smith, who lived in the vicinity and knew the accused well, and asked him whether he knew *Kraimer's* reputation for truth and veracity in the community where he lived, and upon objection the testimony was ruled out on the ground that the reputation of the accused had not been attacked. It is very plain that this ruling was erroneous, and equally plain that the error was prejudicial. Our statute allows the fact of the former conviction of a witness for a criminal offense to be proven by cross-examination of the witness himself; but such fact is only allowed to be proven to affect the credibility of the witness, or, in other words, to impeach him. Sec. 4073, Stats. 1898. It is simply a method of impeaching the character of the witness for truth and veracity. The rule is well settled that when a witness is impeached, whether by the evidence of witnesses who testify to his reputation for truth and veracity, or by proof of a former conviction of crime, it is competent

to introduce witnesses to testify to his good character in that respect.    3 Jones, Evidence, § 870; *Gertz v. Fitchburg R. Co.* 137 Mass. 77.

Another error appears upon the record which is also fatal to the judgment.    The clerk's minutes fail to show that the accused was present in court when the verdict was rendered. The minutes affirmatively show the presence of the accused when the jury was sent out to consider of their verdict at 11:10 p. m. of December 12th, and also that a recess was then taken.    Upon the following day the only entry is to the effect that the jury, through the officer, informed the court that they had agreed upon their verdict, and that they came into court and rendered the same (stating it at length), and were polled, and discharged from further consideration of the case.    No presumption can be indulged that the accused was in court 'on one day of the trial from the fact that he was in court on the previous day, and hence the present case is ruled by the case of *French v. State,* 85 Wis. 400, 55 N. W. 566, and does not come within the ruling in *Hughes v. State,* 109 Wis. 397, 85 N. W. 333.    The condition of the record in this regard was called to our attention by the counsel for the plaintiff in error at the opening of his argument, but the matter was not referred to in any manner by counsel for the state.    Had it been claimed on the part of the state that the accused was actually present, and that the hiatus in the record was simply an omission to record such presence, which was capable of correction by motion of the court below, we should have felt grave doubt whether it would not have been our duty to cause the record to be remitted to the trial court for the purpose of correction to show the fact.    However, as no such claim was made, and, furthermore, as it appears that the case must be reversed on account of the error in the admission of evidence hereinabove discussed, we do not see that anything can be gained by remission of the record.

*By the Court.*—Judgment reversed, and action remanded

for a new trial.  The warden of the state prison at Waupun is directed to surrender the plaintiff in error to the sheriff of Price county, who is directed to safely keep the said *Douglas Kraimer* in his custody until he is duly discharged or it is otherwise ordered according to law.