## No. 9479.

### KEELER v. RUSSUM.

STATUTE—*Construction.* Sec. 7274 of the Revised Statutes which prohibits the examination of husband or wife against the other should be so construed as to work no injustice, if susceptible of such construction.

Action by husband against an alleged seducer for the alienation of the wife's affections.

The wife testified that prior to meeting the defendant she had, because of the ill conduct of plaintiff, entirely lost her regard for him.

Letters of plaintiff to the wife admitting his misconduct, and praying forgiveness, were offered on behalf of defendant, and objected to as inadmissible under the statute.

Considering that the state of mind of the wife towards the husband was directly in issue, that affection on her part was a pre-requisite to injury by its loss, and that to permit the husband to recover damages upon the mere presumption that wives entertain affection for the husband, denying material evidence to the contrary would be subversive of justice. *Held* that the letters were admissible, and that to exclude them was error.

*Error to Denver District Court, Hon. Harry S. Class, Judge.*

Mr. PHILIP W. MOTHERSILL, Mr. CLARENCE E. WAMPLER and Mr. N. WALTER DIXON, for plaintiff in error.

Mr. ROBERT W. DUNN, Mr. EDWARD C. STIMSON, Mr. JAMES A. ORR and Mr. MARTIN M. BURNS, for defendant in error.

Mr. Justice Teller delivered the opinion of the court.

THE defendant in error brought suit against the plaintiff in error for damages for the alienation of the affection of plaintiff's wife. The complaint was in the usual form, alleging marriage and that the defendant had, by his arts and wiles, destroyed the affection which the wife had for

the husband and deprived him of her society, etc. The plaintiff had judgment in the sum of $20,000. The cause is now here for review on error.

On the trial, the defendant offered in evidence two letters from the plaintiff to his wife, each of which contained statements tending to confirm the testimony of the wife, given on the trial, that, prior to her meeting with the defendant, she had, because of the ill-conduct of the plaintiff, wholly lost her affection for him. The letters admit that plaintiff was to blame for the wife's loss of affection, and express a desire that he might be forgiven, and be permitted to make the attempt to recover his wife's love. The letters were excluded by the court upon the theory that they were inadmissible under section 7274, R. S. 1908. Said section reads as follows: "A husband shall not be examined for or against his wife without her consent, nor a wife for or against her husband without his consent; nor shall either during the marriage or afterwards be, without the consent of the other, examined as to any communication made by one to the other during the marriage; but this exception does not apply to a civil action or proceeding by one against the other, nor to a criminal action or proceeding for a crime committed by one against the other."

Counsel have cited numerous cases upon the question of the admissibility of these letters, but in our view of the case, it is not necessary to determine whether, according to the weight of authority, such letters would be admissible generally, and under another state of facts. There is another and more satisfactory ground upon which it is claimed these letters were admissible. The plaintiff, in order to sustain his cause of action, was required to establish the fact of marriage, and that he had been injured by the defendant's alienation of the wife's affections. That such affection existed was, of course, a prerequisite to a showing of injury by its loss. The state of mind of his wife as related to him was therefore a matter directly in issue. To permit him to recover damages upon the mere presumption of the law that husbands and wives enter-

tain affection for each other, by denying material evidence to the contrary, would be subversive of justice. The statute in question, if open to construction, should be construed so as to work no injustice, if it is susceptible of that construction. *Sexton v. Sexton*, 129 Ia. 487, 105 N. W. 314, 2 L. R. A. (N. S.) 708.

The statute prohibits merely the *examination* of either husband or wife as to any communication made by one to the other during the marriage. To extend this prohibition to the exclusion of communications themselves, is to give it a liberal construction, and thus prevent the ascertainment of the truth as to a material issue in the case. The authorities are to the effect that the statute should be strictly construed, because the tendency of the privilege is to prevent the full disclosure of the truth. *Satterlee v. Bliss*, 36 Calif. 508; *Foster v. Hall*, 12 Pick. 89, 22 Am. Dec. 400; *Gower v. Emery*, 18 Me. 82. There is abundant authority for holding that under the circumstances of this case the letters were admissible. *Beach v. Brown*, 20 Wash. 266, 55 Pac. 46, 43 L. R. A. 114, 72 Am. St. 98; *Horner v. Yance*, 93 Wis. 352, 67 N. W. 720; *Sexton v. Sexton, supra; Holtz v. Dick*, 42 Ohio St. 23, 51 Am. Rep. 791; *Perry v. Lovejoy*, 49 Mich. 529, 14 N. W. 485. This last is a case in which the husband sued for the alienation of his wife's affections, precisely as in this case, except that he did not allege seduction. It was there held that a letter from his wife, prior to the alleged acts of alienation, showing affection for him, was admissible in evidence. In Vol. 1, Greenleaf on Evidence, sec. 102, it is said: "Thus, in actions for criminal conversation, it being material to ascertain upon what terms the husband and wife lived together before the seduction, their language and deportment towards each other, their correspondence together, and their conversations and correspondence with third persons, are original evidence. But, to guard against the abuse of this rule, it has been held, that, before the letters of the wife can be received, it must be proved that they were written prior to any misconduct on her part, and

when there existed no ground for imputing collusion.
*   *   *"

This text is supported by numerous cases in England, some of them running back for more than a century. These letters meet the conditions above stated, and the court committed prejudicial error in excluding them.    As the case must be reversed for this reason, it is unnecessary to discuss the other errors assigned.

The judgment is reversed.

*Reversed.*

Chief Justice Garrigues and Mr. Justice Burke concur.