CLENDENNEN, Respondent, v. BAINBRIDGE, Appellant.

(187 N. W. 727.)

(File No. 4896.  Opinion filed April 10, 1922.)

1. **Evidence—Alienation of Affections—Remonstrances to Wife and Her Replies—Competency, For What Purpose Admissible— Whether Hearsay—Hearsay Defined.**

Statements by way of remonstrance by husband to wife, such as that he told her defendant was a bad man, and not a proper person to associate with, her reply "I know more about that than you do," that he (defendant) had had some trouble with a lady "that lived on a corner of his place where he lived," that she thought he was all right; the husband's further statement: "I told her right out that he (defendant) was nothing but a brute, and had told the defendant this to his face;" that she had told him two or three times that she thought more of defendant than of him (her husband)—was not hearsay, but was husband's testimony as to what he himself actually said and what he heard his wife say, and is not an attempt to prove what a third party said or did by what plaintiff's wife said to him; while hearsay evidence does not derive its sole value from credit given to witness himself, but rests in part on veracity

and competency of some other person.  The evidence so offered in a suit for damages for alienation of affections, was properly admitted to show state of mind of plaintiff's wife.  It was competent only as to loss of affection; in receiving it court should instruct jury that it can be considered only as showing mental state of party whose affections are claimed to have been alienated, not to show defendant responsible for such alienation.

2.   **Appeal—Error—Evidence, Record Not Showing Whether Court Instructed Re Purpose of Testimony, Non-availing Exception— Presumption Re Proper Instruction—Court Rule.**

Where appeal record is silent as to whether trial court instructed as to purpose for which excepted-to testimony was admitted, it is presumed instructions properly stated law and were responsive to evidence; Rule 5, Supreme Court, invoked.

3.   **Appeal—Reversal—Misconduct of Counsel—Improper Questions Properly Ruled Out, Non-intention to Prejudice Party, Effect.**

Where trial court sustained objections to various improper questions put by respondent's counsel, record not indicating counsel intentionally asked improper questions, or that they were asked to prejudice jury, no prejudice is shown on theory of misconduct of counsel.

4.   **Appeal—Error—Abundant Evidence, Non-error Re Refusal to Direct Verdict.**

There being an abundance of evidence to warrant submission of case to jury, denial of motion for verdict was not error.

Appeal from Circuit Court, Lincoln County.  Hon. LOUIS L. FLEEGER, Judge.

Action by J. B. Clendennen, against A. H. Bainbridge, to recover damages for alleged alienation of affections of plaintiff's wife.  From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.  Affirmed.

*Kirby, Kirby & Kirby,* for Appellant.

*Asa Forrest,* for Respondent.

(1)   To point one of the opinion, Appellant cited:  5 Wigmore on Ev., Sec. 1730; Hardwick v. Hardwick (Ia.), 106 N. W. 639; McGowan v. Armour, 248 Fed. 676; Magers v. Magers (Ia.), 123 N. W. 330; White v. Ross (Mich.) 10 N. W. 188; Cochran v. Cochran, 196 N. Y. 86, 89 N. E. 470.

(3)   To point three, Appellant cited:  Preston v. Bowers, 82 Am. Dec. 433.

POLLEY, J.  Plaintiff recovered judgment against defendant

for alienation of the affections of plaintiff's wife, and defendant appeals.

Appellant claims he is entitled to a new trial because of the admission of incompetent evidence at the trial. The evidence complained of was admitted over the objection that it was incompetent, hearsay, self-serving, and not binding on the appellant. The court ruled that the respondent might testify to any remonstrance or objection he made to his wife going with defendant, and what she said in reply. Under this ruling respondent testified that: "I told her Bainbridge [defendant] was a bad man. * * * I told her that I knew something about Bainbridge; that I did not think he was a proper person to associate with." To which plaintiff's wife replied: "I know more about that than you do." She said he had some trouble with a lady that lived on a corner of his place where he lived. She said she thought Bainbridge was all right. She said a good many things.

Respondent further testified that he told his wife that he did not want Bainbridge coming to his (respondent's) place. "She said there was a good many things said about Bainbridge, but they were talking about all people. I told her he (Bainbridge) was a man she ought not to associate with at all. I told her a number of times that I was sorry, and I am sorry now to think I did. I told her that I objected to her being at Bainbridge's. I wanted her to stay at her sister's. I said a good many things that I cannot remember. I told her right out that he was nothing but a brute, and had told the defendant this to his face." Respondent further testified that his wife said she thought more of Bainbridge than she did of plaintiff—said this two or three dozen times; that he remonstrated with his wife when he came home and found Mr. Bainbridge there. There was more of a similar nature, but this is enough to show the character of the testimony that was received over appellant's objection.

[1] This testimony was not hearsay, but was the testimony of the respondent as to what he himself actually said and what he himself heard his wife say, and does not attempt to prove what some third party said or did by what plaintiff's wife said to him. "Hearsay denotes that kind of evidence which does not derive its value solely from the credit to be given to the witness himself,

but rests also, in part, on the veracity and competency of some other person." 10 R. C. L. p. 958.

This testimony was offered and received for the purpose of showing the state of mind of plaintiff's wife and is competent for that purpose. Jones, ev. § 350 (2d Ed.); Ash v. Prunier, 105 Fed. 722, 44 C. C. A. 675; Rudd v. Rounds, 64 Vt. 432, 25 Atl. 483; Glass v. Benentt, 89 Tenn. 478, 14 S. W. 1085; Roesner v. Darrah, 65 Kan. 599, 70 Pac. 597; Wigmore, Ev. § 1730; McKenzie v. Lautenschlager et al., 113 Mich. 171, 71 N. W. 489; Horner v. Yance, 93 Wis. 352, 67 N. W. 720; Smith v. Smith, 42 S. D. 205, 173 N. W. 843. Such words, however, are competent only as to the loss of affection (Rose v. Mitchell, 21 R. I. 270, 43 Atl. 67), and it is the duty of the trial court, when such evidence is received, to instruct the jury that such evidence can be considered only for the purpose of showing the mental state of the party whose affections are claimed to have been alienated, and not for the purpose of showing that the defendant is responsible for such alienation. Rose v. Mitchell, supra.

[2]  It is claimed by appellant that the court, in this case, did not explain to the jury the purpose for which this testimony was received. Whether this exception is well taken or not, we have no way of knowing. No part of the instructions are preserved in the record brought to this court; therefore the instructions are presumed to correctly state the law and to be responsive to the evidence. Rule 5, Supreme Court Rules (170 N. W. viii.)

[3]  One ground on which a reversal is asked is alleged misconduct of respondent's counsel. This conduct consists of the following questions asked by respondent's counsel:

"Did it come to your knowledge that people were talking about your wife and Bainbridge?" "Were these meetings in the store so frequent that it attracted the attention of the people in the store?" "Was there ever anything said in the store about these meetings there, by others?"

The trial court sustained objections to all these questions. None of these questions were competent for any purpose and they should not have been asked, but there is nothing to indicate that counsel was intentionally asking improper questions, or that such questions were asked for the purpose of prejudicing the jury, and we are unable to see how they could have prejudiced the jury.

They were mere isolated questions asked in connection with a great number of others, touching the relations of defendant and plaintiff's wife.

[4] There was an abundance of evidence to warrant submitting the case to the jury, and there was no error in denying appellant's motion to direct a verdict.

The judgment and order appealed from are affirmed.