MR. JUSTICE KELLEY
dissenting:
*400 I respectfully dissent.
My interpretation of section 12-43.5-102, C.R.S. 1973 (1976 Supp.), leads me to an opposite conclusion from my colleagues.
The scope of discovery must be measured by C.R.C.P. 26(b)(1), which provides:
“Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.”
Discovery was created to end the fox-and-hounds, or trial by ambush, method for the trial of civil actions. To make the search for truth meaningful, liberal discovery was afforded both parties so that the issues could be clearly defined in the light of the available evidence. Cameron v. District Court, 193 Colo. 286, 565 P.2d 925 (1977). The relevance of the information sought by the petitioners is obvious.
Doctor Robertson was suspended by the ad hoc committee for his treatment of the minor plaintiff in this case. Why he was suspended, as well as the acts and omissions which led the committee to conclude that he should be suspended, would be relevant to determine the hospital’s responsibility for the surgery and treatment rendered by the doctor in the defendant hospital.
The privilege against disclosure of “the records” of a review committe is limited to civil actions against the physician — not the hospital. Section 12-43.5-102, C.R.S 1973 (1976 Supp.). Even in suits against physicians, the only restriction on the subpoena power relates to the records of the review committee. The statute does not proscribe subpoenaing a physician who is a member of a review committee to testify.
We have long since held where a statute creates a privilege which keeps relevant information from the truth-finding process, it must be strictly construed. Horn v. Hurwitz, 16 Colo. 389, 231 P. 1116 (1925); Keeler v. Russum, 68 Colo. 196, 189 P.255 (1920).
In the interest of the full disclosure of the facts, I would reverse the trial court and order it to honor the subpoenas to the end that relevant evidence within the knowledge of the members of the review commission may be obtained.