SCHULTZ, Respondent, vs. MILWAUKEE COUNTY, Appellant.

*January 14—February 25, 1947.*

For the appellant there were briefs by *William J. McCauley,* district attorney, and *Oliver L. O'Boyle,* corporation counsel, and oral argument by *Mr. O'Boyle.*

For the respondent there was a brief by *Gene Posner* and *Joseph H. Swerdloff,* attorneys, and *Alfred Kamin* of counsel, all of Milwaukee, and oral argument by *Mr. Kamin* and *Mr. Posner.*

FAIRCHILD, J. The question upon this appeal is whether the county board may, in anticipation of expected statutory amendments justifying such action, fix a nominal salary for the office of coroner, although the coroner would perform the full duties of the office until the coming into effect of changes provided for by the proposed statutory amendments.

Sec. 59.15 (1), Stats., provides that "the county board shall, prior to the earliest time for filing nomination papers for any elective office to be voted on in the county . . . establish the total annual *compensation for services* to be paid such officer. . . . The compensation established shall not be increased nor diminished during the officer's term and shall re-

main for ensuing terms unless changed by the county board by timely action."

The county board, intending to act under secs. 59.15 (1) and 59.08 (8), Stats., adopted the ordinance we are considering. They sought to accomplish a result, so far as the coroner and deputy coroner were concerned, which eventually was brought about by the passage of ch. 247, Laws of 1943, and the appointment on May 15, 1944, of a medical examiner provided for by that chapter. But their action in passing the ordinance was too previous to be valid, and the ordinance is void. The office of coroner is elective. Sec. 59.12; sec. 4, art. VI, Const. While it is true that the county board has the right to establish the salary for that office, it is clear that an unreasonable exercise of that power resulting in a reduction of the salary way below a fair minimum, if permitted, would amount to an abolishment of the office. This a county board would have no right to do. The portion of sec. 59.15 (1), italicized above, provides that the power of the county board extends to establishing the compensation for services. The test of reasonableness must be gauged by the duties prescribed by law, not weighted with a possible but uncertain change by legislative action. The term of office cannot be divided. It is not a matter of contractual relation.

The evident purpose of the May, 1942, ordinance, reducing the salary to $50 per month, was to make a financial adjustment which might be warranted in the event of and if the proposed legislation creating the position of medical examiner became law. But until the duties of the coroner were lawfully changed, the coroner would be bound to perform the duties which merited the fixed salary of $5,000 per year. It follows that, because the state constitution and statutes provided for the choosing by the people of such an official to perform the duties then attached to the office, such an election was bound to occur if the orderly processes of government were to con-

tinue. The salary for such an official was already fixed at $5,000 per year and it would continue at that figure for the term for which he was duly elected. Respondent was elected and entered upon the discharge of the burdens of office for the term beginning January 4, 1943, and ending on the first Monday of January, 1945.

The statutes then existing, excluding of course the ordinance of May, 1942, furnished the authoritative rule fixing the terms governing the respondent's position and relation to the office. They protected him against being deprived of the salary incident to his office during the term for which he was elected. 43 Am. Jur., Public Officers, p. 145, sec. 353; 46 C. J., Officers, p. 1025, sec. 263; *Schuh v. Waukesha,* 220 Wis. 600, 265 N. W. 699; sec. 26, art. IV, Const.; sec. 59.15, Stats.; *James v. Duffy,* 140 Ky. 604, 131 S. W. 489.

The fact is the salary of $50 per month under the then existing state of the law is so inadequate, whether viewed from the possibility of a full-time official living on the salary, or from the viewpoint of the relation of the salary to the importance and responsibility of the duties of the office, that it represents an unlawful effort to abolish the office in advance of any legislative authority for that course of action. The county concedes that as the law stood at the time of the respondent's election and the beginning of his term a salary of $50 per month was unreasonably low, inadequate, in fact, to pay for the services expected to be rendered. It is no answer to this to plead that pending but unenacted legislation was expected to make the duties of the office correspond in their exactions to the newly established and greatly lessened compensation.

A county's ordinance involving election of a constitutional officer, so far as reducing his compensation is concerned, ought not be founded on an anticipation of future legislation, necessarily leaving in the meantime very important work to be done by the officer for which the county for years has been paying at

the rate of $5,000 per year with provision for a deputy coroner at a salary of $325 per month. Of course, had ch. 247, Laws of 1943, been passed before the ordinance was, we would have a different problem. However, the functions of the office were important, existing, and positive at the time of the election. Judged by the actual conditions then present, the ordinance was void as held by the learned trial court. He said: "Sec. 59.15 (1) of the statutes specifically forbids the county board from diminishing the salary of any elected county officer during such officer's term." The "county board when it enacted this ordinance acted unreasonably and beyond its authority." The court below reached the conclusion with which we are in accord that inasmuch as the ordinance "was void . . . it could not affect the scale of pay which the county board had determined in 1925."

By the Court.—The order sustaining the demurrer and the judgment are affirmed.

RECTOR, J., dissents.