SCHMIDT, Respondent, vs. MILWAUKEE COUNTY, Appellant.

*January 14—February 25, 1947.*

For the appellant there were briefs by *William J. McCauley,* district attorney, and *Oliver L. O'Boyle,* corporation counsel, and oral argument by *Mr. O'Boyle.*

For the respondent there was a brief by *Gene Posner* and *Joseph H. Swerdloff,* attorneys, and *Alfred Kamin* of counsel, all of Milwaukee, and oral argument by *Mr. Kamin* and *Mr. Posner.*

FAIRCHILD, J.   The ordinance passed by the county board is held to be void in *Schultz v. Milwaukee County, ante,* p. 18,

26 N. W. (2d) 260, because it deprived the coroner of reasonable compensation for the services he was required by state law to render. That same ordinance attempted to abolish the office of deputy coroner by providing that no salary would be paid such an official if appointed.

Although sec. 59.08 (8) and sec. 59.15 (2), Stats., enable the county board to abolish, create, or establish special offices other than elective offices enumerated in sec. 59.12, and to fix or change the salaries for those offices, we cannot hold that the county board in this instance acted within its power when it passed the ordinance of May, 1942, because principles which apply to the construction of state statutes ought also to apply to the construction of the ordinance in question here. In construing state statutes to determine whether their provisions are so separable as to allow enforcement of some provisions even though others are void, this court has followed the rule that where the subjects of the legislation are so interrelated as to make it reasonably apparent that the regulation of one would not have been attempted without the regulation of the other, the statute being invalid in its main purpose is invalid in its entirety. *State ex rel. Burke v. Hinkel* (1911), 144 Wis. 444, 451, 129 N. W. 393, 396; *Chicago, M. & St. P. R. Co. v. Rock County S. Co.* (1916) 162 Wis. 374, 381, 156 N. W. 607, 609; *State ex rel. Reynolds v. Sande* (1931), 205 Wis. 495, 504, 238 N. W. 504, 507.

The main purpose of the county board's ordinance was to make financial adjustments affecting the office of coroner in anticipation of the passing of state legislation which would warrant such adjustments by providing for a change of duties. That main purpose was behind the attempted elimination of the office of deputy coroner as well as the attempted reduction in the coroner's salary. Unless the duties were changed as anticipated there would be no reason to abolish the position of deputy coroner provided for by sec. 59.365, Stats. 1941, and for which the Milwaukee county board had in 1938 fixed a

salary of $325 per month. Because the coroner's duties were not yet changed, the ordinance was unreasonable and void. The attempted abolition of the office of deputy coroner was so related to the main subject matter of the ordinance as to be an inducement to its accomplishment. For that reason the ordinance must be held invalid as a whole. It was an indirect attempt to bring about a result under which the county, for a time at least, would have been without necessary services.

After the adoption of ch. 247, Laws of 1943, the situation was changed. Sec. 59.365 (4), Stats. 1943, provides that whenever a medical examiner "has been appointed in counties having a population of 500,000 or more as provided in section 59.34 (1) the provisions" of sections providing for a deputy coroner no longer apply. The office of deputy coroner was thus effectively abolished May 15, 1944, when the medical examiner was appointed under the new legislation. Ch. 247, Laws of 1943; secs. 59.34 (1) and 59.365 (4), Stats. 1943. The court below allowed respondent his salary at the rate fixed by the county board in 1938, plus interest, and allowed judgment accordingly.

*By the Court.*—Judgment affirmed.

FRITZ and RECTOR, JJ., dissent.