KARLIN, Plaintiff in error, v. STATE, Defendant in error.

*No. State 157. Argued April 30, 1970.—Decided June 5, 1970.*
(Also reported in 177 N. W. 2d 318.)

454

For the plaintiff in error there were briefs by *Clark, Rankin, Nash, Spindler & Dean* and *Paul H. Grimstad,* all of Manitowoc, and oral argument by *Mr. Grimstad.*

For the defendant in error the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, and *Robert E. Koutnik,* district attorney of Manitowoc county.

HEFFERNAN, J. The only point raised on this appeal is whether a disqualifying and prejudicial conflict of interest ipso facto results when a part-time city attorney is appointed to represent a defendant in a state-prosecuted criminal action. The ultimate question, of course, is whether the conflict, if any, which may arise from this situation amounts to a denial of the defendant's sixth amendment right to effective representation by counsel. The denial of such right would constitute a manifest injustice, requiring that the defendant be allowed to withdraw his pleas of guilty.

In *State v. Reppin* (1967), 35 Wis. 2d 377, 151 N. W. 2d 9, this court adopted the manifest-injustice test for determining whether or not a motion to withdraw a plea of guilty should be granted. We stated that a denial of effective counsel constitutes a manifest injustice. We, however, held that the trial judge's action on a motion to withdraw a guilty plea was discretionary and that the judge's decision in denying a motion to withdraw a plea of guilty would be reversed only upon a showing of an abuse of discretion by clear and convincing evidence. In *State v. Reppin, supra,* page 389, we pointed out:

". . . a potential conflict of interest is not sufficient to render counsel ineffective, and a showing must be made of an actual conflict. Posing a potential for prejudice which did not materialize is not sufficient to replace the actuality of specific prejudice."

More recently, in *Witzel v. State* (1969), 45 Wis. 2d 295, 172 N. W. 2d 692, we held that an actual conflict must be demonstrated. Nonetheless, there might well be situations where the potential of conflict and consequent prejudice is so great that an actual demonstration of prejudice need not be apparent from the record. We conclude that no evidence of conflict, even of a potential nature, was demonstrated under the facts of this case.

Defendant's principal argument is that a city attorney or his assistant, as was Hale in this case, is obligated to prosecute city ordinances on an almost daily basis. Since his principal witnesses are usually the city police, it is then claimed that it becomes realistically impossible for a city attorney to engage in exhaustive and often abrasive cross-examination of police officers that might well be required in the defense of a criminal case, and, of course, in this case the arrest of the defendant was made by Manitowoc police officers, and three of them testified at the preliminary examination.

Admittedly, a situation such as is envisaged by defendant's counsel might well arise, and we therefore think it inappropriate for a city attorney under some circumstances to accept the responsibility of representing a criminal client when he may be obliged to engage in a courtroom battle with police officers who, in the usual course of his work, are his close associates and he their defender.

In the instant case, no such eventuality arose. The defendant pleaded guilty. The arraignment and the proceedings thereafter for withdrawal of the pleas indicate that Attorney Hale interviewed his client and conferred with him extensively before the decision was made to enter pleas of guilty. Such decision was only made after the preliminary hearing. While the preliminary hearing and a bindover to the trial court does not carry with it an imputation of guilt, yet, as Attorney Hale pointed out, the preliminary examination revealed that the state

had an exceptionally strong case. The preliminary hearing was held at the request of Attorney Hale and was admirably conducted by him. An appropriate and vigorous interrogation was made of the police witnesses. We see no evidence in the transcript of the preliminary that Attorney Hale was giving his client anything less than effective and vigorous representation. Attorney Hale insisted that he be given a copy of the transcript before the time of arraignment, so that he would have an opportunity for further study prior to the time a plea was required. The testimony reveals that on the night before the arraignment, Hale spent over three hours discussing the case with his client. The voluntariness of the pleas and the defendant's awareness of the consequences of the pleas are apparent from the transcript of the arraignment. So much as is revealed in the record indicates that the representation was proper and effective and fails to reveal evidence of manifest injustice.

The defendant, however, argues that this case is unlike a case which has gone to full trial and a jury verdict. In that type of case, he concedes that the effectiveness of counsel can be reasonably gauged by what was actually done at trial. He contends that in the instant case the conflict of interest would be manifested not in the courtroom but in the unrecorded private consultations with the client when the client might be improperly persuaded from insisting on his full rights of trial. The record, however, is not silent as to such conversations.

Attorney Hale testified that he frankly discussed with his client the probabilities of acquittal in the event the case went to trial. He acknowledged that he told the defendant that the state had a strong case. He also stated that, in reviewing the matter with Karlin, Karlin's past criminal record was discussed and the probabilities of judicial action in the event of a trial and conviction, as contrasted with a guilty-plea conviction, were thoroughly discussed. He also stated that he advised Karlin

that he was prepared to go to trial and, in the event that Karlin desired to put his case before the judge or jury on a not-guilty plea, that he would represent him to the best of his ability.

At the hearing on the motion to withdraw the pleas, the principal thrust of Karlin's argument was not that the representation by Hale was ineffective, but rather that he had been taking medication which had prevented him from properly discussing his case with his attorney or effectively resisting his attorney's suggestion that the case against him was strong. These contentions were rather thoroughly disproved, however, by medical testimony and have not been pursued on appeal.

Accordingly, the record, to the extent that it is relevant, reveals that the representation given was proper and that appointed counsel gave the defendant the type of representation that would be expected under the circumstances of the case.

We conclude therefore that the representation of the defendant by Assistant City Attorney Hale did not constitute such ineffective representation as to trigger the manifest-injustice test and warrant the ordering of a new trial. The trial judge's denial of the defendant's motion did not constitute an abuse of discretion.

This court, however, would be remiss in its duties if it failed to point out the potentiality for a serious conflict when the legal representative of one subdivision of a state defends a person charged with a crime by another subdivision of the state. While we are satisfied from the record in the instant case that Attorney Hale vigorously represented the defendant in examining the police witnesses, and his overall representation was effective, a case involving more subtle points of law or fact might well have prevented one in Attorney Hale's position from doing full justice to his client. The writer of this opinion, as one who has served as both a city attorney and a member of a district attorney's staff, is aware

that both of these prosecutorial positions deal constantly with the police of the city and county and the temptation might well arise to be not too hard on a police witness who is against your client today but would be the star witness for your prosecution tomorrow.

The recent case of *Waller v. Florida* (1970), 397 U. S. 387, 90 Sup. Ct. 1184, 25 L. Ed. 2d 435, points out that, in terms of double-jeopardy provisions of the United States Constitution, a municipality created by state law is merely a subdivision of the state and that, as a consequence, one could not be prosecuted for the same act under a city ordinance and a state statute. It concluded that a city is not a separate sovereign entity as distinguished from the state, but that the city, county, and other territorial subdivision of the state are merely subordinate governmental instrumentalities created by the state to assist in carrying out state governmental functions.

We are therefore of the opinion that an attorney who is also a municipal attorney should avoid representing a defendant who is charged in a state prosecution. Under some circumstances and in some counties where lawyers are few, it may be impractical for a municipal attorney to avoid what is properly regarded as a duty of the bar to represent criminal defendants. In such cases, however, the defendant should be fully apprised of the fact that his appointed counsel is a municipal attorney whose daily duties require him to operate on a close and co-operative basis with police authorities, and the trial judge should avoid making such appointments even when the choice of attorneys may be limited where extensive efforts to impeach police officers or to question police procedures are potentially significant in the case. It would therefore be only in the unusual and the very simple case where we would consider the appointment of a municipal attorney appropriate, recognizing, however, that the defendant, once being fully apprised of the

potentiality of conflict, may nevertheless proceed to be so represented. Such an election, however, would constitute a waiver to the ineffectiveness of counsel on the grounds of a conflict of interest. In the present case, we find no conflict of interest and no evidence of lack of effective counsel, and we are satisfied that the trial judge did not abuse his discretion in denying the defendant's motion.

*By the Court.*—Order affirmed.