WILLIAM A. BABLITCH, District Attorney, Portage County
You state that Portage County is considering instituting a medical examiner system to replace the elective office of coroner and request my opinion on a number of questions relating to such change. You indicate that an election for the office of coroner is presently in progress.
Your basic question is whether the County Board of Supervisors can act at this time to abolish the elective office of coroner and institute a medical examiner system.
It is my opinion that it cannot.
At the April, 1965, election, the electors ratified an amendment to Art. VI, sec. 4, Wis. Const., to provide that:
"* * * The offices of coroner and surveyor in counties having a population of 500,000 or more are abolished at the conclusion of the terms of office during which this amendment is adopted. * * *"
Prior to April, 1972, the office of medical examiner was not mentioned in the Wisconsin Constitution. However, as early as 1943, the legislature had provided for a medical examiner to be appointed by the county board in counties over 500,000 population. In Schultz v. Milwaukee County (1944), 245 Wis. 111,13 N.W.2d 580, ch. 247, Laws of 1943, which provided for such medical examiner and prescribed the duties of the position, was held constitutional.
Sections 59.34-59.35, Stats. (1969), provide for a medical examiner in counties of over 500,000 population to be appointed by the county board under secs. 63.01-63.17, Stats., and specify the duties of the office. These provisions are expressly limited to counties over 500,000 population and cannot be utilized by other counties desiring to implement a medical examiner system.
On April 4, 1972, the electors ratified an amendment to Art.VI, sec. 4, Wis. Const., by deleting and adding the language emphasized below: *Page 357 
"(Article VI) Section 4. Sheriffs, coroners, register of deeds, district attorneys, and all other county officers except judicial officers and chief executive officers, shall be chosen by the electors of the respective counties once in every two years. The offices of coroner and surveyor in counties having a population of 500,000 or more are abolished [at the conclusion of the termsof office during which this amendment is adopted]*. Counties nothaving a population of 500,000 shall have the option of retainingthe elective office of coroner or institutina a medical examinem.Two or more counties may institute a joint medical examinersystem. * * *"
* [EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS STRICKEN THROUGH IN THE ORIGINAL TEXT.]
The office of medical examiner is not one which the counstitution [constitution] requires filling by election. It is not a historical office which has fixed duties. The phrase "all other county officers" incorporated into the first sentence of this section by amendment in 1882 means the heads of the several major divisions of county government existing at that time. It does not take away the legislative power mentioned in Art. XIII, sec. 9, Wis. Const., to create county offices with other duties and to provide for the manner of filling such offices and the terms thereof.
State ex rel. Williams v. Samuelson (1907), 131 Wis. 499,111 N.W. 712.
Article XIII, sec. 9, Wis. Const., provides in part:
"All county officers whose election or appointment is not provided for by this constitution shall be elected by the electors of the respective counties, or appointed by the boards of supervisors, or other county authorities, as the legislature shall direct. * * * All other officers whose election or appointment is not provided for by this constitution, and all officers whose offices may hereafter be created by law, shall be elected by the people or appointed, as the legislature may direct."
I am of the opinion that the amendment to Art. VI, sec. 4, Wis. Const., is not self-executing, since action by the legislature is required to establish the method of appointment or election of such medical examiner in counties under 500,000 population, to provide duties of such office and to establish qualifications for the position if it deems it desirable. *Page 358 
 Kayden Industries, Inc. v. Murphy (1967), 34 Wis.2d 718, 731-733, 150 N.W.2d 447.
Implementing legislation, if passed, may well provide for the orderly transition from the coroner system to the medical examiner system which would resolve other questions you raise. The legislature has power, however, to alter terms or to abolish or permit the abolishment of offices not established by the Constitution without regard to the tenure of an incumbent. Stateex rel. Reuss v. Giessel (1952), 260 Wis. 524, 51 N.W.2d 547. In view of the amendment giving counties the power to retain "the elective office of coroner or" institute a "medical examiner system," I am of the opinion that counties can abolish the office of coroner when and if the legislature provides for manner of election or appointment and duties of a medical examiner in counties under 500,000 population, without regard to the tenure of any incumbent coroner. In view of the implied power granted counties by the amendment to Art. VI, sec. 4, Wis. Const., to abolish the office of coroner at such time the legislature provides for the election or appointment of a medical examiner in counties under 500,000 population, the holding and reasoning in the second Schultz v. Milwaukee County case (1947), 250 Wis. 18,26 N.W.2d 260, is distinguishable.
RWW:RJV