RICHARD B. MCCONNELL, District Attorney, Waukesha County
You request my opinion whether a county board may establish a step-salary program for an elected official such as the district attorney to provide, for example: no experience, $16,500; two years as district attorney, $17,500; four years as district attorney, $19,000; etc.
I am of the opinion that it cannot.
Section 59.15 (1) (a), Stats., provides:
"(1) ELECTIVE OFFICIALS. (a) The board shall, prior to the earliest time for filing nomination papers for an elective office to be voted on in the county (other than supervisors and circuit judges), which officer is paid in whole or part from the county treasury, establish the total annual compensation for services to be paid him (exclusive of reimbursements for expenses out-of-pocket provided for in sub. (3)). The annual compensation may be established by resolution or ordinance, on a basis of straight salary, fees, or part salary and part fees, and if the compensation established is a salary, or part salary and part fees, it shall be in lieu of all fees, including per diem and other forms of compensation for services rendered, except those specifically reserved to the officer in such resolution or ordinance. The *Page 404 
compensation established shall not be increased nor diminished during the officer's term and shall remain for ensuing terms unless changed by the board."
The compensation is established for the office. The officer holding the office is entitled to the compensation provided for the office as an incident of the office. Schultz v. MilwaukeeCounty (1947), 250 Wis. 18, 22, 26 N.W.2d 260.
At p. 21 of Schultz the court stated:
"* * * While it is true that the county board has the right to establish the salary for that office, it is clear that an unreasonable exercise of that power resulting in a reduction of the salary way below a fair minimum, if permitted, would amount to an abolishment of the office. This a county board would have no right to do. The portion of sec. 59.15 (1), italicized above, provides that the power of the county board extends to establishing the compensation for services. The test of reasonableness must be gauged by the duties prescribed by law, not weighted with a possible but uncertain change by legislative action. The term of office cannot be divided. It is not a matter of contractual relation."
At p. 22 of Schultz the court stated:
"The statutes then existing, excluding of course the ordinance of May, 1942, furnished the authoritative rule fixing the terms governing the respondent's position and relation to the office. They protected him against being deprived of the salary incident to his office during the term for which he was elected. * * *"
In Feavel v. Appleton (1940), 234 Wis. 483, 488-490,291 N.W. 830, the court reviewed the public policy behind sec. 59.15 (1) (a), Stats., and stated in part:
"* * * In Hull v. Winnebago County, 54 Wis. 291, 293,11 N.W. 486, it was said:
"`It is quite clear that the statute contemplates that the power shall be exercised at a period remote from the time whensuch officers were to be chosen, in order to prevent theinfluence of partisan bias or personal feeling on the part ofmembers of the *Page 405 board in fixing the salary. And, furthermore, it was probablydeemed desirable that candidates for office should know preciselywhat compensation was attached to the office. * * *'"
Under present statutes, the board can encourage experienced officer's to run for reelection and highly qualified and experienced aspirants to run for office by establishing salaries as required by sec. 59.15 (1), Stats., which are reasonably gauged to the duties prescribed by law for the office and the responsibilities incident thereto. Section 59.15 (1) (a), Stats., prohibits decrease in the salary of such officer during theofficer's term. A county could reward an experienced incumbent by increasing his salary during his term as is permitted under present sec. 66.197, Stats., where the statute is applicable.
RWW:RJV