CLEMENS V. HEDEEN, District Attorney, Door County
You have requested my opinion on the following questions:
1. Can the County Board of Supervisors, in a county of less than 40,000 population, establish the office of District Attorney as a full-time position and provide by resolution that the District Attorney shall also act as Family Court Commissioner with no additional salary?
2. Does the County Board have power to independently provide that the person elected District Attorney shall also serve as Family Court Commissioner? *Page 444 
The answer to both questions is in the negative.
The only powers which the county board can exercise over the office of district attorney are those which have been delegated to the board by the legislature by express statute.
The district attorney in Wisconsin is a constitutional officer. Art. VI, sec. 4, Wis. Const. No provision in the Constitution provides what his duties are. In Jessner v. State (1930),202 Wis. 184, 194, 195, 231 N.W. 634, the court suggested that the Constitution may have conferred on the district attorney those generally recognized duties and functions belonging to the office in this country at the time of the adoption of the Constitution. In State ex rel. Kurkierewicz v. Cannon (1969), 42 Wis.2d 368,378-380, 166 N.W.2d 255, the court stated that the office of district attorney was not one of inherent powers, but is subject to the enactments of the legislature.
What is important here is that the legislature has provided, generally in sec. 59.47, Stats., and specifically in nearly one hundred other statutes, express duties for the officer. No statute imposes a duty on the district attorney to act as family court commissioner and no statute authorizes the county board to assign the duties of a family court commissioner to the district attorney.
In Reichert v. Milwaukee County (1914), 159 Wis. 25, 35,150 N.W. 401, the court was discussing the powers of elective county officers which were prescribed by statute:
"Within the scope of the authority conferred by the legislature the county, through its board of supervisors, may by its acts arouse official action and official duties upon the part of othercounty officers, but the powers of the latter derived from thestate legislature may not be taken away or narrowed by action ofthe county board nor enlarged except in cases in which thelegislature has authorized such limitation or enlargment[enlargement]." (Emphasis added)
Also see 52 OAG 349, 351 (1963).
Section 59.15 (2), Stats., does give the county board broad powers over county officers and employes including power to abolish, create, and re-establish certain offices which were created *Page 445 under any statute by the board, and to transfer functions, duties and responsibilities to other agencies. I presently construe this as relating to optional offices created under a statute and not offices created by a statute. The statute, however, expressly excepts the exercise of such power as to elective offices, included under sec. 59.15 (1), Stats., supervisors and circuit judges.
District attorney is an elective office. It is a full-time office in the sense that the incumbent is an officer during every hour of his term and the duties and responsibilities imposed by the legislature, if diligently pursued, would occupy most or all of the time an officer could reasonably devote to the office even in lesser populated counties. Historically district attorneys have been permitted to practice law privately in smaller counties. This was almost a necessity in some cases in view of the low compensation provided by the county. In many instances, the district attorney acts for or in behalf of the state and is a state officer for some purposes. In recognition of the interest the state has in having qualified and experienced district attorneys in all counties, the legislature, in 1967, provided for a schedule of minimum salaries to be paid in the various classes of counties with reimbursement to the county by the state of a portion of the total salary paid. See sec. 59.475, Stats.
Section 59.475 (2) (3), Stats., uses the term "is permitted to practice law privately" and "is not permitted to practice law privately" rather than the terms "full-time" and "part-time".
The legislature has by implication delegated power to the county board to determine whether a district attorney shall be entitled to practice law in addition to his duties as district attorney. Such determination should be made under sec. 59.15 (1), Stats., when the board, prior to the earliest time for the circulation of nomination papers, establishes the total annual compensation to be paid for the office. Prospective candidates are entitled to know precisely what compensation is attached to the office. Feavel v. Appleton (1940), 234 Wis. 483, 488-490,291 N.W. 830; Schultz v. Milwaukee County (1947), 250 Wis. 18, 22,26 N.W.2d 260.
If a board determines that the district attorney is not entitled to practice law privately, the compensation cannot be less than $16,500 per year. The compensation is established forthe office, *Page 446 
and the officer holding the office is entitled to the compensation provided as an incident of the office. Schultz v.Milwaukee county (1947), 250 Wis. 18, 22, 26 N.W.2d 260.
By reason of express provision in sec. 59.15 (1), Stats., the compensation established cannot be reduced during the officer's term. Section 66.197, Stats., does presently permit increase in the salary of certain county elected officials during the term of such officer which would include a district attorney.
The office of court commissioner is judicial in nature. Art. VII. sec. 23, Wis. Const. The family court commissioner is a court commissioner with special statutory powers and duties. See secs. 247.13, 247.14, and 247.15, Stats. Section 247.13 (1), Stats., provides that the family court commissioner shall be appointed by the circuit and county judges in and for such county.
The office is created by a statute, rather than under a statute. Although it is not an elective office, I am of the opinion that the county board, acting under sec. 59.15 (2) (a) (b), Stats., does not have power to abolish, create or re-establish the office or to transfer the duties to some other county agency. The county board cannot appoint the officer as that function is vested by statute in the circuit and county judges in and for said county. Pursuant to Art. VII. Sec. 23, and Art. XIII, sec. 9, Wis. Const., the legislature has directed the manner of appointment. In 54 OAG 229, 233 (1965), which discusses the office of family court commissioner and sec. 59.15, Stats., it is stated:
"The county board does not have the power to repeal a statute* * *."
Under sec. 247.17, Stats., in counties under 500,000 population, the county board shall by resolution provide an annual salary for the family court commissioner whether he is on a full- or part-time basis.
Section 59.49, Stats., provides in part:
"* * * Nor shall the district attorney while in office be eligible to or hold any judicial office whatever, except as follows: Any district attorney of any county having a population of 40,000 or less may also be the family court commissioner for such county [with exceptions]* * * " *Page 447 
This statute was amended after 48 OAG 296 (1959) stated that the offices were incompatible.
Whereas the offices are now compatible by statute, within limits, the offices are separate, have separate mandatory annual salaries and one is elective and one is appointive by the judiciary. Where an individual is serving in both capacities he is entitled to both salaries. 52 OAG 14 (1963)
You indicate that you intend to resign as family court commissioner and to continue as district attorney. It is my opinion that this action is permissible. If the county board has provided that the office of district attorney is full-time in the sense that the incumbent is not permitted to practice law privately, you would still be entitled to the $16,500 salary provided for the office as that is the minimum permitted under sec. 59.471 (3), Stats. The county is obligated to provide a separate salary for family court commissioner.
RWW:RJV
 *Page 1