VICTOR MOYER, Corporation Counsel, Rock County
You have requested that this office review the opinion to the Corporation Counsel for LaCrosse County dated March 12, 1973, which stated that there is a probable violation of sec. 946.13, Stats., where a county board supervisor is appointed to represent indigent defendants and the annual remuneration for such services exceeds $2,000.
The opinion has been reviewed in light of the questions you have raised. I find no reason why the conclusion reached therein should be modified. Final resolution of the question can only be made in a case brought in a proper court. This may arise in an attempted prosecution, or in a declaratory judgment action brought by an interested party.
You inquire whether, if complaint were made, the district attorney would retain prosecutorial discretion in such matter similar to that which he has in other criminal cases.
The answer to this question is in the affirmative. Such discretion cannot be abused, however. The question of abuse might be raised if a district attorney would refuse to prosecute a fellow member of the bar, who was also a county board supervisor and who had some power with respect to the establishment of the compensation of the district attorney, solely because he was a fellow member of the bar and county supervisor.
I am of the opinion that a contract is involved where an attorney agrees to represent an indigent defendant. I am of the further *Page 119 
opinion that it is a public contract within the meaning of sec.946.13, Stats. The attorney accepting the appointment from the court is one of the contracting parties. The person charged, and the public, are the beneficiaries. It really does not matter whether the judge, the county or the state are the other parties to the agreement. Note that sec. 946.13 (2) (a), Stats., excepts contracts in which a single public officer or employe is privately interested which do not involve receipts and disbursements by the state or its political subdivision
aggregating more than $2,000 in any year. As stated in the opinion of March 12, 1973, the county is liable for such fees and the county board has the ultimate responsibility of appropriating the necessary funds. As stated in Carpenter v. County of Dane,infra, this would be true even if there were no statute such as secs. 256.49 and 967.06. Stats.
Long before there was a statute providing for the appointment of counsel for indigents which provided compensation to be paid by the county, our Supreme Court held that it was the duty of circuit courts to appoint and "employ" counsel on their behalf and that it was the duty of the county to provide compensation therefor as an incident to the administration of criminal law.Carpenter v. County of Dane, 9 Wis. *249; State v. Kenney (1964),24 Wis.2d 172, 181, 128 N.W.2d 450.
While it is a duty of a member of the bar to accept appointments to defend indigent persons charged with crimes, such attorney can and has a duty to decline such employment if he has a substantial conflict. Courts should avoid appointments of attorneys who have potential conflicts. See Karlin v. State
(1970). 47 Wis.2d 452, 177 N.W.2d 318.
An attorney who is also a county board supervisor accepts such appointment at his peril. The ethical and potential violation of criminal statutes is primarily his personal concern. We cannot advise him as to the actions he should take, such as withdrawal from a case when he approaches the $2,000 maximum annual figure, or disinvolvement from partnership agreements, to avoid conflicts.
RWW:RJV *Page 120