FREDERICK R. SCHWERTFEGER, Corporation Counsel, Dodge County
Mr. Steve Schmitz, Assistant Corporation Counsel, has requested my opinion on a number of questions relating to the power of the county board to grant "fringe" benefits to elected county officials. *Page 330 
 1. Does the board have power to establish the number of sick-leave days which elective officials may take with pay, and pay for accumulated, unused sick leave?
 2. Does the board have power to establish the days an elected official may take as vacation with pay, and pay for accumulated, unused vacation?
The answer to both questions is no for the reasons fully discussed in 65 Op. Att'y Gen. 62 (1976).
 3. If such benefits had been established in the past and certain officials had been accumulating these benefits, may the county board increase the salaries of the elected officials during their term of office in an amount equal to the accumulated benefits?
Since the county board was not empowered to grant or regulate sick leave and vacation leave of elected officials, no officer would have legally accumulated unused sick leave or vacation leave.
 4. Does the county board have power to grant longevity pay to elected officials by means of an automatic increase in salary based on years of service of the incumbent?
I am of the opinion that it does not have such power. The compensation established under sec. 59.15 (1)(a), Stats., is for the office, and the incumbent is entitled to it as an incident of office. See 61 Op. Att'y Gen. 165 and 61 Op. Att'y Gen. 403 (1972). Under sec. 59.15 (1)(a), Stats., the board could establish the annual compensation for the office at a given figure for the first year of the term and at a higher figure for the second year of the term, but any occupant of the office would be entitled to the fixed amounts in the given years regardless of his personal longevity.
 5. Can the county board grant elected officials fringe benefits in the nature of hospital, surgical and life insurance?
The answer is yes. Section 59.07 (2)(c), Stats., provides that the board may:
 "Employe insurance. Provide for individual or group hospital, surgical and life insurance for county officers and *Page 331 
employes and for payment of premiums therefor." (Emphasis added.)
 6. Are elected county officials entitled to worker's compensation benefits?
Yes, where the conditions of sec. 102.03, Stats., are met. The county is an employer under the definition in sec. 102.04 (1)(a), Stats., and a county elected official is an employe under the definition in sec. 102.07 (1), Stats.
 7. Are elected county officials entitled to participate in the Wisconsin Retirement Fund?
Participation in the fund extends to elected officials of all counties under 500,000 population pursuant to sec. 41.05 (9)(a)1., Stats., if such official qualifies as an employe under sec. 41.02 (6), Stats., and is not excepted under sec. 41.02 (12), Stats. Please refer to the election required under sec. 41.02 (12) (i), Stats., and the inclusion of certain elected officials by reason of sec. 41.02 (13), Stats. For special provisions as to county judges, see sec. 41.07 (3), Stats.
I wish to commend Mr. Schmitz for furnishing this office with an in-depth memorandum of authorities in connection with the opinion request.
BCL:RJV