DAVID D. LEEPER, District Attorney, Green County
You request my opinion on a number of questions involving your office and the office of corporation counsel in your county.
I. CORPORATION COUNSEL — PRIVATE PRACTICE
You state that the corporation counsel for Green County prosecutes all juvenile actions in the county, pursues mental commitments and protective service placements and represents the state and county in many other matters. You indicate that such corporation counsel is employed by the county on a part-time basis and has acted as defense counsel with respect to county ordinance cases and state charges, both as a privately retained attorney and by appointment by the court in cases of indigency. Where appointed to represent indigent defendants, he is paid directly by the county.
You state:
 "This situation seems to raise several issues of potential conflict. First, it is the Corporation Council's [sic] obligation to advise the County Board on the approval of any costs and fees *Page 32 
on indigent appointments, which include his own claims for costs and fees. The second point of possible conflict involves advocating bond reductions for criminal defendants, a situation which may always result in the County having to begin an action to collect payment against his client, or a surety of his client. A third situation of possible conflict involves in his representing a defendant who may have a valid claim or defense against action taken by the County Sheriff's Department when he is also required to represent the County regarding any liability, and advises the Sheriff's Department on legal issues. Numerous other conflicts can be imagined."
For the purposes of this opinion it is assumed that the corporation counsel is not also an assistant district attorney. If he were, the restraints in secs. 59.48, 59.49 and 256.22 (4), Stats., would be applicable to such officer.
 1. Should a part-time corporation counsel, who has many duties of a public prosecutor and represents interests of the state and county, accept employment as defense counsel for those whose interests are directly adverse to either the state or county?
My answer to your general question is "no." This is not to say that every act of representation would result in an improper or illegal act. Recommendations as to restraint are based upon ethical considerations as well as hazard of violation of some criminal statute in the course of such employment. In my opinion such attorney could accept employment as defense counsel for defendants in criminal cases being tried in another county unless prohibited by ordinance or resolution creating his office and absent showing that he had a prosecutorial bias.
A corporation counsel has no inherent powers. His authority springs from sec. 59.07 (44), Stats., and other statutes referring to such officer specifically, and from the county ordinance or resolution creating such office. Whereas duties are limited to civil matters, some counties provide that such officer shall prosecute county ordinance violations. You should review the ordinance or resolution creating the office in your county to see whether it provides any restraint concerning private practice. Certain counties have provided: *Page 33 
 "Corporation counsel shall be permitted to engage in private practice of law but shall not represent any client in any civil matter wherein the interests of said client are adverse to the interests of county.
"***
 "The corporation counsel shall be permitted to engage in the private practice of law, but shall not engage in any practice of law which will be inconsistent with the performance of his duties as corporation counsel and shall not engage in defending criminal cases."
In Karlin v. State, 47 Wis.2d 452, 177 N.W.2d 318 (1970), the court warned that there was a possible conflict of interest where an attorney who represents a subdivision of the state and also maintains a private practice, represents criminal defendants.
If, as you state, it is the duty of the corporation counsel to advise the county board on the approval of any costs and fees with respect to indigent appointments, such officer would hazard violation of sec. 946.13, Stats., which prohibits certain private interests in public contracts. This office has stated that the appointment of counsel for the indigent involves a public contract. See 62 Op. Att'y Gen. 63 and 62 Op. Att'y Gen. 118 (1973).
There probably are situations where a corporation counsel could accept employment to represent persons whose interests are adverse to the county and state if such representation is not in fact inconsistent with duties as corporation counsel which are required by statute or resolution or ordinance creating such office in Green County. In Boles v. Industrial Comm., 5 Wis.2d 382,92 N.W.2d 873 (1958), the court held that an attorney who was Lieutenant Governor was not prohibited from pursuing a claim before the Industrial Commission even though he was Acting Governor on the date of the hearing. If such employment is undertaken and an apparent conflict should arise, substitution of another attorney should be made if such officer intends to continue to serve as corporation counsel.
 2. If the corporation counsel is prohibited from criminal defense representation, are the members of his firm similarly prohibited? *Page 34 
The answer is no, except in cases where the corporation counsel is also an assistant district attorney or where contracts for the defense of indigents are concerned and such officer has a discretionary duty with respect to such contracts. I construe the prohibition contained in sec. 256.22 (4), Stats., to apply to assistant district attorneys. Such section provides:
 "No law partner of any district attorney shall
act as a municipal justice or court commissioner in any case in which the state may be a party or defend in any court any person charged with any offense, or appear in any civil action against the state in which it is the duty of such district attorney to prosecute or appear for the state." (Emphasis added.)
A corporation counsel who was a partner or shareholder in a firm would risk violation of sec. 946.13, Stats., if he had a direct or indirect interest in the contract for representation and participated in the making of such contract or performed, or had authority to perform, an act involving discretion with respect thereto.
II. DISTRICT ATTORNEY — ASSISTANTS
Section 256.22 (3), Stats., provides:
 "No practicing attorney shall have his office in the same room with any district attorney. municipal justice or court commissioner, unless he is a partner of such district attorney, municipal justice or court commissioner, in which case he shall not practice as an attorney before such municipal justice or court commissioner nor act as attorney in any case in which it is the duty of such district attorney to appear or prosecute for the state; except that the law partner of any district attorney may, at the request of the district attorney, without fee or compensation therefor, assist the district attorney in the prosecution of any case on the part of the state." (Emphasis added.)
 3. Does this statute prohibit a district attorney who is compensated on a part-time basis from paying a partner or associate to act as assistant district attorney, or does this refer only to compensation from the county?
The statute does not prohibit a district attorney from compensating his law partner or associate. Such person does not *Page 35 
become an assistant district attorney and is not entitled to compensation from the county.
In counties under 200,000, assistant district attorneys are appointed pursuant to sec. 59.45, Stats., and only when authorized by the county board. Such statute expressly provides that "The assistant district attorneys so appointed may perform all the duties of the district attorney."
 4. Is a partner or associate providing assistance under sec. 256.22 (3), Stats., given all the powers and authority of the district attorney?
The answer is no. His authority is limited to assisting the district attorney.
The statute is an exception to the general rule which prohibits attorneys paid from private sources from assisting the district attorney in the prosecution of a criminal case. See State v.Peterson, 195 Wis. 351, 218 N.W. 367 (1928), as to the general rule and Kraimer v. State, 117 Wis. 350, 93 N.W. 1097 (1903), wherein the supreme court approved assistance provided by a partner pursuant to statute similar to sec. 256.22 (3), Stats.
 5. "Can money be accepted by a District Attorney, not for any specific service provided by the District Attorney's Office, but for the purpose of providing funds either for operating expenses, or for salary payments to an Assistant or Assisting District Attorney? These funds would be made by way of private contributions to continue and increase governmental action. "
The answer is no, except where said funds are not solicited by such officer and are paid into the county treasury for acceptance by the county board. District attorneys and assistant district attorneys appointed pursuant to sec. 59.45, Stats., take their offices cum onere and are entitled to only such compensation as is provided by the county board pursuant to sec. 59.15 (1), (2) and (3), Stats. Such officers are entitled to expenses as authorized under sec. 59.15 (3), Stats. Special assistant district attorneys appointed by a judge of a court of record or the circuit court upon application of the county board are entitled to compensation from the county in such sums as approved by the court. *Page 36 
In 63 Am. Jur. 2d Public Officers and Employees sec. 382, it is stated:
 "Contracts by public officers with private individuals or associations for additional compensation or for compensation other than that provided by law for the performance of official duties are invalid . . . ."
A county board has authority, under sec. 59.07 (17), Stats., to "Accept donations, gifts or grants for any public governmental purpose within the powers of the county."
Gifts, grants or donations made to a county officer for the purpose of continuing or increasing governmental action are to be considered gifts, grants or donations to the county. Section59.73, Stats., provides that "Every county officer and employe . . . that collects or receives moneys for or in behalf of the county, shall . . . (3) Pay all such moneys into the county treasury."
Section 946.12 (5), Stats., provides a criminal penalty for any public officer or employe who:
 "Under color of his office or employment, intentionally solicits or accepts for the performance of any service or duty anything of value which he knows is greater or less than is fixed by law."
III. DISTRICT ATTORNEY — CHANGE IN STATUS
 6. Can the county board change the position of district attorney from part-time to full-time during the term for which such officer was elected?
I am of the opinion that it does not have such power.
Although certain statutes such as sec. 59.475 and sec. 59.485 refer to a district attorney being "on a full-time basis" or "who is not compensated . . . on a full-time basis," Wisconsin does not have "part-time district attorneys." As stated in 61 Op. Att'y Gen. 443, 445 (1972):
 "District attorney is an elective office. It is a full-time office in the sense that the incumbent is an officer during every hour of his term and the duties and responsibilities imposed by the legislature, if diligently pursued, would occupy most or all of the *Page 37 
time an officer could reasonably devote to the office even in lesser populated counties. Historically district attorneys have been permitted to practice law privately in smaller counties. This was almost a necessity in some cases in view of the low compensation provided by the county. . . ."
A more accurate designation of status, rather than "full-time" or "part-time" would be, "is permitted to practice law privately" and "is not permitted to practice law privately." These latter phrases were used in former sec. 59.471 (2) and (3), Stats., which provided for a schedule of minimum salaries to be paid by various classes of counties with reimbursement to the county by the state of a portion of the total salary paid. Such section was later repealed by ch. 39, Laws of 1975.
I am of the opinion that in spite of the repeal of former sec. 59.471, Stats. (1973), the county board continues to have power to determine whether a district attorney shall be entitled to practice law in addition to his duties as district attorney. As stated in 61 Op. Att'y Gen. 443, 445 (1972):
 ". . . Such determination should be made under sec. 59.15 (1), Stats., when the board, prior to the earliest time for the circulation of nomination papers, establishes the total annual compensation to be paid for the office. Prospective candidates are entitled to know precisely what compensation is attached to the office. Feavel v. Appleton (1940) 234 Wis. 483, 488-490, 291 N.W. 830; Schultz v. Milwaukee County (1947), 250 Wis. 18, 22, 26 N.W.2d 260."
Section 59.15 (1)(a), Stats., provides that "The compensation established shall not be increased nor diminished during the officer's term and shall remain for ensuing terms unless changed by the board." Section 66.197, Stats., permits increases in the salaries of certain county elective officials during their term.
I consider the right to practice law privately as a matter of compensation. The compensation is an incident of the office and cannot be decreased during the officer's term, but the officer's salary can be increased during the term in accordance with sec. 66.197, Stats.
BCL:RJV *Page 38