ROBERT G. OTT, Acting Corporation Counsel Milwaukee County
You have asked questions concerning the level of financial responsibility the county has with respect to a local emergency planning committee (LEPC) created pursuant to Title III of the Superfund Amendments and Reauthorization Act of 1986, Pub.L. No.99-499, 1986 U.S. Code Cong. Admin. News (100 Stat.) 1613, 1728 and 1987 Wisconsin Act 342.
The two laws provide for the creation of a state emergency response commission and LEPCs as part of a program established to provide the public with information on the hazardous chemicals in their communities. The program requires each owner and operator of a facility at which a hazardous chemical is produced, used or stored above threshold quantities to supply information about each hazardous chemical to state and local officials who make the information available to the public. H.R. Rep. No. 253(I), 99th Cong., 2d Sess. 59, reprinted in 1986 U.S. Code Cong. Admin. News 2835, 2841. *Page 28 
The LEPCs receive and provide information to the public concerning hazardous chemicals at facilities in the county; and they develop emergency response plans for their communities to protect the public from emergency releases of hazardous substances. H.R. Rep. No. 253(I), 99th Cong., 2d Sess. 60,reprinted in 1986 U.S. Code Cong. Admin. News at 2842. Among other things, the plan must: identify routes likely to be used for the transportation of hazardous substances; establish methods and procedures to be followed by facility owners and operators and local emergency and medical personnel to respond to any release of such substances; establish procedures for effective and timely notification to persons designated in the emergency plan and to the public that a release of hazardous substances has occurred; establish methods for determining the occurrence of a release and the area or population likely to be affected by the release; and establish evacuation plans, including provisions for precautionary evacuation and alternative traffic routes.42 U.S.C. § 11003 (1988).
Title III provides that the Governor shall appoint the state emergency response commission and that the commission shall designate emergency planning districts, which, where appropriate, may be existing political subdivisions. 42 U.S.C. § 11001(a) and (b) (1988). The law provides that the commission shall appoint members of the LEPCs and it designates groups that shall be represented on the committees. 42 U.S.C. § 11001(c) (1988).
To implement the federal program in Wisconsin, the Legislature enacted 1987 Wisconsin Act 342. In sections 1 and 2, the act provides for the creation of the commission in a manner consistent with the federal law. Pursuant to 1987 Wisconsin Act 342, section 5, the LEPCs are created by the county boards.
You have asked the following questions concerning the county's financial responsibility in regard to the LEPC in Milwaukee County: *Page 29 
 1. Other than the requirement that the County appoint the members of the local emergency planning committee (or at least to nominate such members) is there any legal relationship between the counties and the local emergency planning committee which imposes any affirmative duties on the counties, such as seeing to it that the LEPC's carry out their duties?
 2. Do the Counties have a financial responsibility for the operation of the local emergency planning committee and, if so, what is the extent of such financial responsibility?
 3. Is there any requirement that county government provide legal or other support services to the LEPC's?
 4. In view of the fact that the members of the local emergency planning committees, if properly appointed, are subject to the same immunity and legal responsibility provisions of state law as state employees, what legal risks do LEPC members assume and who will defend them and assume financial responsibility if they fail to perform their duties or if they miss statutory deadlines?
To answer these questions, it is necessary to consider changes made in 1987 Assembly Bill 99 before it was enacted as1987 Wisconsin Act 342. Assembly Bill 99 was enacted essentially in the form it took after the adoption of Assembly Substitute Amendment 2. The substitute amendment itself was amended; and for the purpose of answering your questions, the important amendment was made by Assembly Amendment 4, which was concerned with the creation of the LEPCs.
Set forth in the left column are the relevant sections of Substitute Amendment 2 as it was introduced. In the right column are the relevant sections of Substitute Amendment 2 as amended by Assembly Amendment 4. *Page 30 
 Assembly Substitute Assembly Substitute Amendment 2 Amendment 2 as amended as introduced by Assembly Amendment 4
SECTION 5. 59.07(145) of SECTION 5. 59.07(145) of the statutes is created to read: the statutes is created to read:
59.07(145) LOCAL EMERGENCY 59.07(145) LOCAL EMERGENCY PLANNING COMMITTEES. PLANNING COMMITTEES. (a) Make recommendations to (a) Shall create a local the state emergency response emergency planning commission regarding committee, which shall appointments to the local have the powers and duties emergency planning established for such committee for that county, committees under 42 U.S.C. §§ established by the state 11000 to 11050 and under emergency response ss. 166.20 and 166.21. commission under The board shall control42 U.S.C. § 11001(c). all expenditures by any committee appointed by the board under this paragraph. (b)Implement programs and (This paragraph was not undertake activities which are affected by Amendment 4.) designed to prepare the county to cope with emergencies involving the accidental release of hazardous substances and which are consistent with but in addition to the minimum requirements of s. 166.20 and 42 U.S.C. § 11000 to 11050.
(c) Control all expenditures (This paragraph was by local emergency planning deleted by Amendment 4.) *Page 31 
committees under s. 166.20 of county revenues derived from taxes imposed by the county.
. . . .
SECTION 11. 893.82(2)(d) of SECTION 11. 893.82(2)(d) the statutes is amended to of the statutes is amended read: to read:
893.82(2)(d) "State officer, 893.82(2)(d) "State employe or agent" includes an officer, employe or agent" officer, employe or agent of includes an officer any nonprofit corporation employe or agent of any operating a museum under a nonprofit corporation lease agreement with the state operating a museum under a historical society and a lease agreement with themember of a local emergency state historical societyplanning committee appointed and a member of a localby the state emergency response emergency planningcommission under s 166.20(2)(a). committee appointed by a county board under s. 59.07(145)(a).
SECTION 12. 895.46(1)(e) of SECTION 12. 895.46(1)(e) the statutes is amended to of the statutes is amended read: to read:
895.46(1)(e) Any nonprofit 895.46(1)(e) Any corporation operating a nonprofit corporation museum under a lease museum under a lease agreement with the state agreement with the state historical society and all historical society and all officers, directors, employes officers, directors, and agents of such a employes and agents of corporation, and any local such corporation, and any local *Page 32 emergency planning committee emergency planningappointed by the state committee appointed by aemergency response commission county board under s.under s. 166.20(2)(a) and all 59.07(145)(a) and allmembers of such a committee, members of such aare covered by this subsection. committee, are covered by this subsection.
The history of 1987 Wisconsin Act 342 indicates that the Legislature treated the LEPCs as county committees in some respects and as state committees in other respects. The LEPCs are treated as county committees insofar as they are created by the county boards and all their expenditures are subject to the control of the county boards. The evolution of 1987 Wisconsin Act 342
reflects a legislative intent that the counties provide funds and support for the LEPCs. Although there is no express authorization for the county to appropriate funds for the committees, the county boards have such authority by necessary implication. In State ex rel. Teunas v. Kenosha County,142 Wis.2d 498, 504, 418 N.W.2d 833 (1988), the court explained that the county board's authority can be granted expressly or by necessary implication: "It has consequently become well recognized that `a county board has only such powers as are expressly conferred upon it or necessarily implied from the powers expressly given or from the nature of the grant of power.'"
The power of the county board to create the LEPC and the power to control all the expenditures of the committee necessarily implies that the county board is authorized to provide the committee with the funds it must expend in order to perform its duties. See 38 Op. Att'y Gen. 54, 58 (1949), where it was concluded that the power to provide funds to enable a committee to function was obviously implied from the power of the county board to establish the committee. *Page 33 
In addition, as proposed in section 5 of Assembly Substitute Amendment 2, section 145(c)* clearly contemplated that county funds would be used by the LEPC because that section gave the county board control over the committee's expenditure of county revenues derived from taxes imposed by the county. Assembly Amendment 4 deleted section 145(c); but it added a sentence to section 145(a) giving the county board control over all expenditures of the committee. In light of this change, the Legislature must have intended that county funds would be used by the LEPC since all of its expenditures are controlled by the county board.
The Legislature treated the LEPC as a state body in section893.82(1)(b), which provides that members of the LEPC are considered a "[s]tate officer, employe or agent" for the purpose of section 893.82.
Your first question asks whether there is any legal relationship between the county and the LEPC that imposes any affirmative duties on the county, such as seeing to it that the LEPC carries out its duties. The requirements that the county create the LEPC and control all of its expenditures along with the county's necessarily implied authority to appropriate money to the LEPC suggest that the legal relationship between the county and the LEPC is the same as the relationship between the county and any of its other committees. On the other hand, management of the committee is not totally within the control of the county because the state emergency response commission is required to "supervise and coordinate the activities of" the LEPC. 42 U.S.C. § 11001(a) (1988) and sec. 166.20(2), Stats. In my opinion, these apparently conflicting provisions are harmonized by treating the legal relationship between the county and the LEPC the same as *Page 34 
the county's relationship with its other committees except that in exercising control over the LEPC the county must be consistent, and not in conflict with, the authority exercised by the commission.
In response to your second question, the county board has a financial responsibility to the LEPC. The county board has the authority to appropriate funds for the LEPC, and the county cannot arbitrarily deny funds to such an extent that the LEPC cannot perform its statutorily required duties. See Schultz v.Milwaukee County, 250 Wis. 18, 23, 26 N.W.2d 260 (1947), and 77 Op. Att'y Gen. 113, 118-19 (1988). Money is also available in the form of grants that are awarded by the commission. See sec.166.21, Stats.
Because the LEPC is treated as a county committee for most purposes, the county should provide it the same legal and support services that are provided to other county committees. Sections59.07(44) and 59.456 define the duties of the corporation counsel and, except as section 893.82 provides to the contrary, he or she should advise and assist the LEPC as he or she would other county committees.
Finally, you ask whether LEPC members are subject to the same immunity and legal responsibility provisions of state law as state employes, what legal risks are assumed by LEPC members and who would defend them and assume financial responsibility if they fail to perform their duties.
LEPC members are included within the definition of state officers, employes or agents for the purpose of section 893.82, which applies to civil actions or proceedings against state officers, employes or agents while placing a limit on the amounts recoverable against state officers, employes or agents and provides the attorney general with adequate time to investigate claims and an opportunity to effect compromises without a civil action or proceeding. See sec. 893.82(1) and (3), Stats. *Page 35 
Section 893.82 obviously contemplates that the attorney general will represent the state officers, employes or agents; but the statute that authorizes the attorney general to represent state officers, employes or agents is section 165.25(6), which provides, in part:
 At the request of the head of any department of state government, the attorney general may appear for and defend any state department, or any state officer, employe or agent of the department in any civil action or other matter brought before a court or an administrative agency which is brought against the state department, or officer, employe or agent for or on account of any act growing out of or committed in the lawful course of an officer's, employes or agent's duties.
A problem is that section 165.25(6) does not expressly authorize the attorney general to represent members of LEPCs. In section893.82(2)(d), members of LEPCs along with officers, employes or agents of any nonprofit corporation operating a museum under a lease agreement with the state historical society are included within the definition of "state officer, employe or agent" for the purpose of section 893.82. In section 165.25(1), (6) and (6m), the nonprofit corporation operating a museum under a lease agreement with the state historical society and its officials, employes and agents are expressly considered to be a state department and state officers, employes or agents. See sec.165.25(8), Stats. Therefore, when section 165.25 authorizes the attorney general to represent state officers, employes or agents, the authorization includes the officers, employes and agents of the nonprofit corporation operating a museum under lease with the state historical society. Section 893.82 then applies to the action or proceeding where the attorney general is representing those officers, employes or agents. Section 165.25 does not, however, contain a similar express authorization for the attorney general to represent the members of LEPCs.
Nevertheless, the inclusion of LEPC members within the coverage of section 893.82 reflects the Legislature's intent that *Page 36 
the attorney general represent the members of LEPCs as he and his office represent state officers, employes and agents.
If the LEPC or its members are sued, who pays the judgment? The LEPC and its members are protected because section 895.46(1)(e) provides that they along with the nonprofit corporation operating a museum under a lease with the state historical society and the corporation's officers, directors, employes and agents are covered by section 895.46. Pursuant to section 895.46, the state and its political subdivisions pay for judgments or portions of judgments entered against their public officers or employes if the officers or employes are proceeded against in their official capacity or as individuals because of acts committed while carrying out duties as officers or employes and the jury or the court finds that the officer or employe was acting within the scope of employment. The question is whether the judgment against the LEPC and its members would be paid by the state or the county.
The fact that the county creates the LEPC, controls its expenditures, can appropriate money to it and can supervise it would lead to the conclusion that for the purpose of section895.46 the LEPC and its members would be a county committee and county officers or employes and the county would be responsible for the judgment entered against them.
On the other hand, there are factors indicating that the LEPC and its members are a state body and state officers or employes for the purpose of section 895.46. LEPC members are state officers, employes or agents for the purpose of section 893.82, which reflects the legislative intent that the attorney general represent them and consider settlement of the claims against them. If the attorney general is representing the LEPC members and settling the claims, it would be logical to conclude that the state would pay the judgment.
In addition, it seems clear that the attorney general represents the nonprofit corporation operating a museum under a lease with the historical society and its officers, employes, directors and *Page 37 
agents and that the state would pay the judgment entered against them. The fact that the LEPC is included with that nonprofit corporation in sections 893.82(2)(d) and 895.46(1)(e) indicates that the Legislature intended them to be treated the same.
For these reasons, it is my opinion that, where the requirements of section 895.46 have been satisfied, the state would pay the judgment entered against the LEPC or its members.
Although this opinion attempts to answer your questions, the inconsistencies in some statutes and the absence of express authorization in others could provide the bases for challenging the conclusions I have reached. The only way to guarantee that the will of the Legislature will be carried out is for the Legislature to eliminate the inconsistencies and clarify the authority of the state and the county and their officials through additional legislation.
DJH:SWK
* 1987 Wisconsin Act 403, section 78, renumbered section59.07(145) to 59.07(146), Stats. However, in this opinion the reference will be to section 59.07(145) because that was the number used in the legislation that is being considered. *Page 38